Opinion
 

 STEPHENS, J.
 

 Plaintiff Roger Ostrus and Peggy Ostrus (a minor, by her guardian ad litem) filed a complaint on March 27, 1973, against defendant Helen Jean Price, alleging damages for personal injuries resulting from an automobile accident that occurred in Glendora, California. Defendant was served with summons on July 3, 1976, and the return of service was filed by plaintiffs almost two weeks later, on July 23. On the motion of defendant, the trial court dismissed the action pursuant
 
 *521
 
 to Code of Civil Procedure section 581a, based upon the failure of plaintiffs to serve and return summons on the complaint within three years from the commencement of the action. Plaintiffs appeal from the order of dismissal. Concluding that defendant’s absence from the State of California alone did not toll the running of the limitation period contained in section 581a and that plaintiffs did not establish an exception to the operation of the section, we affirm.
 

 Section 581a requires summons on the complaint be served and return made within three years after the commencement of an action.
 
 [1]
 
 As used in the section, an action is deemed commenced upon the initial filing of a complaint
 
 (Perati
 
 v.
 
 Atkinson
 
 (1964) 230 Cal.App.2d 251, 253-254 [40 Cal.Rptr. 835].) “Section 581a, Code of Civil Procedure, is part of a statutory scheme, the purpose of which is to compel reasonable diligence in the prosecution of an action after it has been commenced [citations] and ‘expedite litigation and require it to be brought to conclusion within reasonable time limits.’ [Citations.]”
 
 (McKenzie
 
 v.
 
 City of Thousand Oaks
 
 (1973) 36 Cal.App.3d 426, 429-430 [111 Cal.Rptr. 584].)
 

 Under section 581a, the period in which plaintiffs had to complete service and return summons expired on March 27, 1976, three years after the complaint was filed. The filing of the return of summons on July 23, 1976, occurred nearly four months after this expiration date. Unless the section’s limitations period was tolled or an exception to the section’s operation established, the trial court was under a mandatory duty to dismiss the action.
 
 (Busching
 
 v.
 
 Superior Court
 
 (1974) 12 Cal.3d 44, 50 [115 Cal.Rptr. 241, 524 P.2d 369];
 
 Gonsalves
 
 v.
 
 Bank of America
 
 (1940) 16 Cal.2d 169, 172 [105 P.2d 118].) Under such circumstances, a plaintiff bears the burden of establishing facts which would suspend the effect of section 581a.
 
 (Watson
 
 v.
 
 Superior Court
 
 (1972) 24 Cal.App.3d 53, 58 [100 Cal.Rptr. 684].) In this regard, the facts in support of plaintiffs’ contentions on appeal are taken from affidavits attached to their opposition to defendant’s motion to dismiss. No reporter’s transcript of the proceedings below was requested by plaintiffs.
 

 
 *522
 
 I
 

 Tolling of the Three-year Limitations Period Under Section 581a, Subdivision (d).
 

 Plaintiffs’ affidavits contain statements which disclose that defendant, though a resident of this state at the time of the accident, moved to Nevada and Idaho and was absent from California throughout the three-year period following the filing of the action. Based solely on defendant’s absence from the state, plaintiffs argue that the limitations period was tolled, pursuant to section 581a, subdivision (d).
 

 Section 581a contains a tolling provision in subdivision (d) which provides: “The time during which the defendant was not amenable to the process of the court shall not be included in computing the time period specified in this section.” Subdivision (d) was added in 1970 (Stats. 1970, ch. 582, § 1, p. 1158.) Prior to 1970, section 581a provided that “. . . no dismissal shall be had under this section as to any defendant because of the failure to serve summons on him during his absence from the state, . . .”
 
 [2]
 
 The above portion of section 581a was deleted when subdivision (d) was added.
 

 Apparently, under the former version of section 581a, defendant’s absence from California would have tolled the running of the limitation period. (See
 
 Griffin
 
 v.
 
 Bray
 
 (1968) 262 Cal.App.2d 357, 361 [68 Cal.Rptr.
 
 *523
 
 649];
 
 Bank of America
 
 v.
 
 Biren
 
 (1957) 156 Cal.App.2d 368, 370 [319 P.2d. 704].) However, in order to sustain plaintiffs’ contention under the present version of section 581a, it would be necessary to construe “not amenable to process” as being coextensive with “absence from the state.” Such an interpretation would not only ignore the changes made in the section, but would also contravene the plain meaning of the section as it now stands.
 

 Pursuant to the 1970 amendments to section 581a the operative factor in determining whether the limitation period is tolled was changed from “absence from the state” to “not amenable to process.” “It is a settled principle of statutory construction that a material change in the phraseology of a legislative enactment is ordinarily viewed as showing an intention on the part of the Legislature to change the meaning of the statute.”
 
 (Farmers Ins. Exch.
 
 v.
 
 Geyer
 
 (1967) 247 Cal.App.2d 625, 634 [55 Cal.Rptr. 861].) The Legislature by enacting subdivision (d) broadened the scope of section 581a to include defendants who, though absent from the state, are nonetheless amenable to process. Thus, under subdivision (d), the limitation period will be tolled only if the defendant is
 
 not amenable to process,
 
 irrespective of whether he is absent from the state. This is the plain meaning of the statute and should be followed.
 
 (Great Lakes Properties, Inc.
 
 v.
 
 City of El Segundo
 
 (1977) 19 Cal.3d 152, 155 [137 Cal.Rptr. 154, 561 P.2d 244].)
 
 [3]
 

 People
 
 ex rel.
 
 Cranston
 
 v.
 
 Bonelli
 
 (1971) 15 Cal.App.3d 129 [92 Cal.Rptr. 828], cited by plaintiffs is therefore distinguishable. The
 
 Bonelli
 
 court reversed an order dismissing plaintiff’s complaint. The trial court had ordered the dismissal on the basis that, notwithstanding defendant’s absence from California, the section 581a limitation period ran because he was amenable to process. However, in reversing, the
 
 Bonelli
 
 court found that section 581a as it stood
 
 prior
 
 to 1970 was controlling. The court refused to imply a right of dismissal based on amenability to process under the former version of section 581a. The court, in explaining its reasoning, indicated that it was influenced by the burden on the plaintiff that a different holding would entail. The court stated at page 135: “There are many reasons why such an implication should not be read into the statutes at bench, particularly since when the complaint herein
 
 *524
 
 was dismissed the Legislature had not yet made operative the comparatively simple methods of serving out-of-state residents which, as hereinafter set forth, it provided in 1969 enactments. Such judicial ‘legislation’ would require a plaintiff having a cause of action against a person who has left the state to keep a constant watch on the absentee’s whereabouts and on the process service laws of the foreign jurisdiction in which the defendant ultimately locates, so that the plaintiff could ascertain whether the defendant was ‘amenable’ to suit in this state.”
 

 However, the
 
 Bonelli
 
 court expressly limited its decision to the law as it stood in 1969, prior to the dismissal of the plaintiff’s action, when it noted that “[i]n 1970, by amending section 581a to extend to defendants absent from the state but amenable to service, the three-year limitation of that section, the Legislature recognized for the first time that such right to dismissal had not theretofore existed. . . . [T]he Legislature in 1969 adopted chapter 4 of title 5 of the Code of Civil Procedure (§ 413.10 et seq.), operative July 1, 1970, providing reasonable methods and proof of out of state service. (Stats. 1969, ch. 1610, § 3.)”
 
 (Id.,
 
 atpp. 135-136.)
 

 Code of Civil Procedure section 415.40 provided plaintiffs herein with one means of obtaining service of summons upon defendant. This method was ultimately used by plaintiffs when defendant was served on July 3, 1976. Further, defendant’s motion to dismiss discloses that she possessed a California driver’s license at the time of the accident. Pursuant to Vehicle Code section 17460, defendant was deemed to have consented to receive service of process “at any place where he may be found and whether or not he is then a resident of this state, with the same force and effect as if served within the state in any action brought in the courts of this state upon a cause of action arising in this state out of his operation of a motor vehicle anywhere within this state.” The manner of serving process could have been accomplished pursuant to Vehicle Code section 17461.
 
 [4]
 
 Clearly, defendant was amenable to process as it is used in section 581a. (Cf.
 
 Hughes & Ladd, Inc.
 
 v.
 
 Rogue River Paving Co.
 
 (1975) 46 Cal.App.3d 311, 313-314 [119 Cal.Rptr. 925].)
 

 
 *525
 
 II
 

 Implied and Statutory Exceptions to Section 581a
 

 Although section 581a contains mandatory language requiring dismissal of an action, the section is subject to self-contained statutory and implied exceptions. One exception provided for in the statute is where the parties have filed a stipulation in writing that time may be extended.
 
 (Highlands Inn, Inc.
 
 v.
 
 Gurries
 
 (1969) 276 Cal.App.2d 694 [81 Cal.Rptr. 273].) The other statutory exception applies where a general appearance has been made within three years following commencement of the action.
 
 (Busching
 
 v.
 
 Superior Court, supra, 12
 
 Cal.3d 44, 52-53.) Implied exceptions to section 581a have been recognized where there is estoppel
 
 (Tresway Aero, Inc.
 
 v.
 
 Superior Court
 
 (1971) 5 Cal.3d 431 [96 Cal.Rptr. 571, 487 P.2d 1211]) or where it is impossible, impracticable or futile to proceed within the statutory period
 
 (Wyoming Pacific Oil Co.
 
 v.
 
 Preston
 
 (1958) 50 Cal.2d 736, 740-741 [329 P.2d 489];
 
 Hunot
 
 v.
 
 Superior Court
 
 (1976) 55 Cal.App.3d 660, 664, fn. 3 [127 Cal.Rptr. 703]).
 

 Section 581a as amended by subdivision (d) demands greater diligence from a plaintiff than that required under its former version. However, the recognized exceptions to the section provide a plaintiff sufficient protection against an evasive out-of-state defendant.
 

 In the instant case, plaintiffs’ affidavits set forth no facts establishing an exception to the operation of section 581a. Contrary to plaintiff’s assertions, the record discloses that the failure to effectuate timely service was by the neglect and lack of diligence on the part of plaintiffs. Plaintiffs attempted service upon defendant on the date the complaint was filed, March 27, 1973. Their affidavits reveal no other efforts to effectuate
 
 *526
 
 service until more than three years later. It was almost a month after the expiration date under the section that plaintiffs again endeavored to serve defendant. On April 21, 1976, plaintiffs secured the services of an investigator. On May 24, 1976, another investigator was retained and within a month thereafter the second investigator discovered defendant’s whereabouts. Notwithstanding, plaintiffs waited until July 3 to serve defendant and delayed the filing of the return until July 23. Responsibility for the failure to comply with the requirements of section 581a rests solely with plaintiffs. (Lack of diligence found in the following cases:
 
 Ippolito
 
 v.
 
 Municipal Court
 
 (1977) 67 Cal.App.3d 682, 687-688 [136 Cal.Rptr. 795];
 
 Schering Corp.
 
 v.
 
 Superior Court
 
 (1975) 52 Cal.App.3d 737, 743 [125 Cal.Rptr. 337];
 
 Watson
 
 v.
 
 Superior Court, supra,
 
 24 Cal.App.3d 53, 59;
 
 Bernstein
 
 v.
 
 Superior Court
 
 (1969) 2 Cal.App.3d 700, 704-705 [82 Cal.Rptr. 775];
 
 Smith
 
 v.
 
 Herzer
 
 (1969) 270 Cal.App.2d 747, 752 [76 Cal.Rptr. 77]; and
 
 Chilcote
 
 v.
 
 Pacific Air Transport
 
 (1937) 24 Cal.App.2d 32, 36 [74 P.2d 300].)
 

 Plaintiffs’ affidavits indicate that defendant may have had knowledge of the complaint. However, no showing of actual prejudice is required under section 581a. An action may be properly dismissed notwithstanding defendant’s knowledge of its pendency.
 
 (Elling Corp.
 
 v.
 
 Superior Court
 
 (1975) 48 Cal.App.3d 89, 98 [123 Cal.Rptr. 734];
 
 Hill
 
 v.
 
 Superior Court
 
 (1967) 251 Cal.App.2d 746 [59 Cal.Rptr. 768].)
 

 III
 

 Disposition
 

 Under the facts of the case at bar, the trial court had no discretion but to dismiss plaintiffs’ action.
 

 The judgment is affirmed.
 

 Kaus, P. J., and Hastings, J., concurred.
 

 [1]
 

 Section 581a reads in pertinent part: “(a) No action heretofore or hereafter commenced by complaint shall be further prosecuted, and no further proceedings shall be had therein, and all actions heretofore or hereafter commenced shall be dismissed by the court in which the same shall have been commenced, on its own motion, or on the motion of any party interested therein, whether named as a party or not, unless the summons on the complaint is served and return made within three years after the commencement of said action, except where the parties have filed a stipulation in writing that the time may be extended or the party against whom the action is prosecuted has made a general appearance in the action.”
 

 [2]
 

 In 1969 section 581a read as follows: “§ 581a—Dismissal for Want of Prosecution —One and Three Year Limits.—No action heretofore or hereafter commenced shall be further prosecuted, and no further proceedings shall be had therein, and all actions heretofore or hereafter commenced [1] shall be dismissed by the court in which the same shall have been commenced, on its own motion, or on the motion of any party interested therein, whether named in the complaint as a party or not, [2] unless the summons shall be served and return thereon made within three years after the commencement of said action, except where the parties have filed a stipulation in writing that the time may be extended. But all such actions may be prosecuted, if general appearance has been made by the defendant or defendants, within said three years in the same manner as if summons had been issued and served; provided that, except in actions to partition or to recover possession of, or to enforce a lien upon, or to determine conflicting claims to, real or personal property, no dismissal shall be had under this section as to any defendant because of the failure to serve summons on him during his absence from the state, or while he has secreted himself within the state to prevent the service of summons on him.
 

 “All actions, heretofore or hereafter commenced [3] shall be dismissed by the court in which the same may be pending, on its own motion, or on the motion of any party interested therein, if summons has been served, and no answer has been filed, if plaintiff fails, or has failed, to have judgment entered within three years after service of summons, where the parties have filed a in that the time be extended.
 

 “A motion to dismiss pursuant to the provisions of this section shall not, nor shall any extension of time to plead after such motion, constitute a general appearance.”
 

 [3]
 

 The only reported case interpreting subdivision (d) came from this court in
 
 Polony
 
 v.
 
 White
 
 (1974) 43 Cal.App.3d 44 [117 Cal.Rptr. 341], In
 
 Polony,
 
 we stated that subdivision (d) should be given effect according to its clear language: “We find no basis for concluding that the 1970 amendment does not mean precisely what it says—that the period of time that a defendant is not amenable to the process of the court is not included in computing the periods of time specified in the section.”
 
 (Id.,
 
 at p. 48.)
 

 [4]
 

 As amended in 1971 (Stats. 1971, ch. 622, § 3), Vehicle Code section 17461 reads as follows: “In the event summons is served outside of this state, pursuant to Sections 17459 and 17460, it may be served and proof of service shall be made, in the manner provided by Sections 17454, 17455, and 17456 for service of summons upon a nonresident, or it may be served pursuant to Chapter 4 (commencing with Section 413.10) of Title 5 of Part 2 of the Code of Civil Procedure.”
 

 Section 17454 permits service on the director of motor vehicles as appointed representative to receive summons for defendant. In
 
 Polony
 
 v.
 
 White, supra,
 
 43 Cal.App.3d 44, we held that a defendant who dies and for whom no personal
 
 *525
 
 representative is appointed is not amenable to process under section 581a, subdivision (d). Accordingly, we ruled that the three-year period specified in the section was tolled from the date of defendant’s death until an administrator for his estate was appointed. In the instant case, pursuant to Vehicle Code section 17454, and in contrast to
 
 Polony,
 
 defendant had whom service could have been rendered.
 

 Wurnitsch
 
 v.
 
 Nordvik
 
 (1971) 14 Cal.App.3d 679, 688 [92 Cal.Rptr. 518], wherein the court held that “the provisions of sections 17460 and 17463 of the Vehicle Code do not expressly or impliedly modify the provisions for tolling found in section 583 of the Code of Civil Procedure,” is distinguishable on the basis that section 583 as relevant to the case contained an “absent from the State” tolling provision. (See fn. 1, p. 681.) A 1970 amendment to section 583 deleted the words “absent from the State” and substituted in their place the words, “not amenable to the process of the court.” (Stats. 1970, ch. 582, § 2, p. 1159.) Sections 581a and 583 were amended in 1970 by the same legislative act.