[Civ. No. 55865. Second Dist., Div. One. Dec. 11, 1979.]

CARMEN BUCHANAN, Plaintiff and Appellant, v.
RUEL BUCHANAN, Defendant and Respondent.

COUNSEL

Hall, Espinosa & Norkin and Joseph E. Hall for Plaintiff and Appellant.

Mestad & Sanborn and John B. Mestad for Defendant and Respondent.

Smith, Hunkins & Wilson and Wayne Hunkins as Amici Curiae.

OPINION

ROTHMAN, J.*—

## INTRODUCTION

A wife sued her husband for personal injury resulting from an accident where she was the passenger in the automobile which he drove. The defendant husband was not served with summons for more than three years. The case was dismissed, and plaintiff has appealed.

## FACTS

The following is the chronology of the facts of this case:

October 10, 1973: Wife injured as husband's passenger in automobile accident.

January 23, 1974: Wife filed suit against husband in Los Angeles Superior Court.

---

*Assigned by the Chairperson of the Judicial Council.

July 3, 1974: (Approximately) Wife and husband moved to Jamaica, West Indies.

May 1, 1978: (About 3 yrs., 10 mos. later) Wife and husband returned to Los Angeles.

June 4, 1978: Husband served with summons.

July 3, 1978: Yusim, Cassidy, Stein & Hanger, "attorneys for defendant," filed motion to dismiss for failure to return summons within three years. Hearing was set for July 18, 1978.

July 17, 1978: Plaintiff's opposition to motion to dismiss filed (including declaration about defendant's absence from United States.)

July 18, 1978: Judge Thomas T. Johnson, Department 81, heard and granted the motion to dismiss.

July 31, 1978: Plaintiffs' moved to reconsider (including declaration of plaintiff concerning her husband's absence from United States). Hearing was set for August 25, 1978, in Department 81.

August 25, 1978: Judge Robert Weil, Department 81, transferred the hearing on the motion to reconsider to Judge Johnson.

August 31, 1978: Judge Johnson referred motion to file Affidavit of Prejudice to Department 1. Judge Schauer in Department 1 denied motion to file Affidavit of Prejudice. Judge Johnson then heard and denied the motion to reconsider.

Plaintiff has appealed the dismissal, and raised these issues: (1) that the time defendant was in Jamaica should have been tolled under Code of Civil Procedure section 581a because he was "not amenable" to service of process as that term is used in subdivision (b); (2) that the court wrongly refused to honor the affidavit of prejudice against Judge Johnson; and (3) that the filing of the motion to dismiss on behalf of defendant was contrary to defendants' wishes.

Appellant's opening brief was filed May 7, 1979. Thereafter Yusim, Cassidy, Stein and Hangers moved to withdraw as counsel of record for respondent herein and to have appellant's counsel of record, Hall, Espinosa & Norkin, disqualified. The motion was heard in open court

and granted on June 25, 1979, for the reasons stated in the court's written order. Thereafter, the firm of Mestad & Sanborn was substituted as counsel for respondent and John B. Mestad filed respondent's reply brief in support of appellant herein urging that judgment of dismissal from which appellant has appealed be set aside and the cause tried on its merits. Subsequently, leave was granted to Patriot General Insurance Company of Massachusetts to, and its counsel Smith, Hunkins & Wilson did, file through Wayne Hunkins an amicus curiae brief wherein affirmance of the judgment of dismissal is sought. At the time the cause on appeal was called for oral argument, appellant was personally present appearing in propria persona, and John B. Mestad appeared for respondent and Wayne Hunkins as amicus curiae. After being advised by the court that she had the right to then present oral argument appellant, who was accompanied by an attorney but not represented by him, informed the court she wished to submit the cause on the briefs on file without oral argument. Counsel for respondent having made the same statement, both parties submitted the cause to the court without oral argument.

## DISCUSSION

### I

■ Plaintiff contends that because defendant was in Jamaica for almost the entire period from the filing of the complaint until the service of summons, he was "not amenable to process," and thus the time limitation on return of summons in Code of Civil Procedure section 581a is not applicable.

Code of Civil Procedure section 581a, in subdivision (a) provides for the dismissal of an action by the court "... on its own motion, or on the motion of any party...unless the summons on the complaint is served and return made within three years after the commencement of said action...." Subdivision (d) provides: "The time during which the *defendant was not amenable to the process* of the court shall not be included in computing the time period specified in this section." (Italics added.)[1] ■ A mere showing of absence from California is now insufficient to toll the running of the three-year statute. "...[U]nder

---

[1]Before 1971, the phrase emphasized in the quotation from section 581a read "during his absence from the state." This language was removed, and the language quoted above was substituted, along with numerous other revisions of the section.

subdivision (d), the limitation period will be tolled only if the defendant is *not amenable to process,* irrespective of whether he is absent from the state...." (*Ostrus* v. *Price* (1978) 82 Cal.App.3d 518, 523 [146 Cal.Rptr. 922].) ▮ "The burden is upon the plaintiff to establish that the defendant is not amenable to process...." (*Evartt* v. *Superior Court* (1979) 89 Cal.App.3d 795, 802 [152 Cal.Rptr. 836].)

▮ A declaration of plaintiff's attorney was filed in opposition to the dismissal motion, and a declaration of defendant was also filed. The declarations showed that defendant and plaintiff were both in Jamaica for most of the time covered by the three-year statute. Plaintiff, in her declaration concluded that defendant "would not have been amenable to any service" of process, and that no papers could or would have been served in Jamaica by Jamaican authorities, and that service in Jamaica would have been a nullity.

We cannot help, in this context, noticing defendants' declaration attached to appellant's opening brief on appeal, wherein defendant stated that at all times he wanted "to have my wife prevail and recover her rightful damages." Such a posture seems inconsistent with plaintiff's plea that her husband was "not amenable" to service. Being anxious to help his wife, defendant could easily have been served by mail and executed an acknowledgement of receipt of the summons under Code of Civil Procedure section 415.30. Or, if he had a California driver's license, he could have been served under Vehicle Code section 17460 and 17461.[2] Further, Code of Civil Procedure section 415.40 would also have been available.[3] Nothing in plaintiff's papers negates these possibilities, nor presents facts in support of the claimed nonamenability.

None of the statutory exceptions or implied exceptions[4] to section 581a apply here: (1) there was no sipulation to an extension (subd. (c) of § 581a); (2) there was no general appearance (subd. (c) of § 581a); (3) there was no evidence of estoppel;[5] and (4) there was no evidence of

---

[2]Driver's license acceptance constitutes consent to service outside California.

[3]Service on person outside California.

[4]These exceptions are catalogued in detail in *Ostrus* v. *Price, supra,* at page 525.

[5]*Tresway Aero, Inc.* v. *Superior Court,* 5 Cal.3d 431, 437-438 [96 Cal.Rptr. 571, 487 P.2d 1211], applying estoppel to section 581a, quoted the doctrine thusly: "... 'a person may not lull another into a false sense of security by conduct causing the latter to forebear to do something which he otherwise would have done and then take advantage of the inaction caused by his own conduct.'" Here, although there were communications between defendant's insurer and plaintiff's counsel during the three-year period, we read nothing in these letters amounting to estoppel. The last such com-

impossibility, impracticability or futility in proceeding with the statutory period.[6]

Plaintiff's argument that the defense was well aware of the action during the three years and had numerous communications with plaintiff's attorney during the period is irrelevant ■ So long as defendant makes no general appearance, "... no showing of actual prejudice is required under section 581a. An action may be properly dismissed notwithstanding defendant's knowledge of its pendency. [Citations]." (*Ostrus* v. *Price, supra,* p. 526.)

## II

■ Plaintiff claims that the affidavit of prejudice under Code of Civil Procedure section 170.6 lodged against Judge Johnson, after he had decided the motion to dismiss and before he was to rule on the motion for reconsideration, was improperly rejected.

Code of Civil Procedure section 170.6 provides for the filing of an essentially peremptory challenge against a judge whom a party declares to be prejudiced. Subdivision (2) further provides that "the motion must be made not later than the commencement of the hearing." And it also provides that "the fact that a judge...has presided at or acted in connection with a pretrial conference or other hearing, proceeding or motion prior to trial and not involving a determination of contested fact issues relating to the merits shall not preclude the later making of the motion provided for herein at the time and in the manner hereinbefore provided."

Judge Johnson heard and decided the motion to dismiss. Plaintiff sought reconsideration of the judge's ruling, and that request was properly assigned to Judge Johnson for hearing.[7] The challenge under Code of Civil Procedure section 170.6 was then lodged. The reconsideration of the motion to dismiss involved further proceedings on that same motion: the motion to reconsider was part of the motion to dismiss, and was a continuation of the hearing in which the order was rendered. A

---

munication referred to by plaintiff appears to have been in June of 1974, with two years and six months left on the three-year period.

[6] *Wyoming Pacific Oil Co.* v. *Preston* (1958) 50 Cal.2d 736, 740-741 [329 P.2d 489].

[7] Code of Civil Procedure section 1008 provides for the motion to reconsider an order, and states that the application shall be made before "the same judge who made the order."

challenge under section 170.6 is untimely if filed between the issuance of an order on a pretrial motion and the hearing on the motion to reconsider that same order. A section 170.6 challenge cannot be lodged while a hearing is pending on a pretrial motion, and it is our conclusion that, for the purposes of section 170.6, the hearing on a pretrial motion does not conclude until after the reconsideration motion, if any.

In *Lyons* v. *Superior Court,* 73 Cal.App.3d 625, 628 [140 Cal.Rptr. 826], the court held that where the same judge hears the plea bargain and sentencing, the 170.6 challenge must be made before the plea bargain and is untimely if made before sentencing.

### III

Plaintiff, joined in by defendant, contends that the court erroneously ruled on the "affirmative defense" provided for in Code of Civil Procedure section 581a without defendant's express consent. In the declaration of John Hall, plaintiff's former attorney, filed in opposition to the motion to dismiss below, there is this reference: "It would appear that they [the insurance attorney] should be required to file a declaration of the defendant showing that he wants to invoke any defense or whether he is willing to waive any such purported defense...." Although this court will ordinarily not consider an issue on appeal unless properly raised before the trial court, we are satisfied that this statement constitutes a sufficient form of objection, calling the issue to the attention of the trial court.

Code of Civil Procedure section 581a, by its very terms, provides that an action "shall be dismissed by the court...*on its own motion,* or on the motion of any party interested therein,..." if summons is not served within three years of filing. (Italics added.) Hence, it is of no moment whatsoever who raised the section 581a defense. Even if defendant had convinced his attorney not to raise the issue, the court itself could have ordered the case dismissed. Indeed, case law has clarified this provision to mean that dismissal is mandatory and jurisdictional. (*Gonsalves* v. *Bank of America* (1940) 16 Cal.2d 169, 172 [105 P.2d 118].)

Defendant believes that express proof of his approval is required before the motion under section 581a can be considered. Essentially, this contention means that the court could not consider the motion on the attorney's word alone. This is certainly not the law. An attorney

has the authority to bind the client, without the client's consent in procedural matters arising during the action. (Witkin, Cal. Procedure (2d ed. 1970) pp. 123-124; *Linsk v. Linsk,* 70 Cal.2d 272, 276 [74 Cal.Rptr. 544, 449 P.2d 760].) ▆ Dismissal under Code of Civil Procedure section 581a is procedural. (*Gonsalves v. Bank of America, supra,* at p. 172.) Accordingly, no approval was required, and the trial judge cannot be charged with error for dismissing the action on a motion duly presented by the attorney acting for defendant.

▆ In the final analysis, the argument that defendant should have been able to waive his right to move to dismiss the case against him, amounts to a request that this court condone collusion between himself and his wife, as plaintiff. It is often the case that when an attorney is retained to represent both the insured and the insuror, as in the instant matter, a potential conflict between the interests of the two parties may arise. In such a case, the primary duty is to further the best interests of the policyholder. (*Ivy v. Pacific Automobile Ins. Co.,* 156 Cal.App.2d 652, 659 [320 P.2d 140]; *Executive Aviation, Inc. v. National Ins. Underwriters,* 16 Cal.App.3d 799, 810 [94 Cal.Rptr. 347]; *Gruenberg v. Aetna Ins. Co.,* 9 Cal.3d 566, 582 [108 Cal.Rptr. 480, 510 P.2d 1032].)

Defendant cites *Ivy v. Pacific Automobile Ins. Co.* (1958) 156 Cal. App.2d 652, 663 [320 P.2d 140], as authority for the proposition that an attorney has "no legal right to stipulate away the insured's rights without his consent for the benefit of his other client, the insurance company." This proposition begs the question, which is: did the attorney act in defendant's best interests in seeking dismissal? It is axiomatic that absent collusion, the best interests of this or any other defendant is the full dismissal of an action whenever possible. In the instant matter, defendant's personal desire to keep the suit alive in order to benefit his wife amounts to collusion: the necessary element of adversity between defendant and plaintiff would be totally absent. The prevention of collusive suits was a major purpose behind the enactment of former "guest statutes" which denied recovery by a nonpaying passenger for the torts of his driver. The fact that such statutes have been held not rationally related to their purpose does not detract from the court's obligation to avoid authorizing collusion (see *Brown v. Merlo* (1973) 8 Cal.3d 855, 877 [106 Cal.Rptr. 388, 506 P.2d 212, 66 A.L.R.3d 505].)

Plaintiff alleges in this appeal the insurance company is guilty of "bad faith" (i.e., a breach of the "covenant of good faith in fair dealing"). Furthermore, plaintiff appears to claim that defendant's former

attorneys are guilty of failing to properly represent him. The proper recourse for such a claim is not this appeal. For this appeal the record is clear that defendant's counsel proceeded in the manner most beneficial to the client's interests by seeking dismissal below.[8]

The judgment is affirmed.

Lillie, Acting P. J., and Hanson, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied February 7, 1980.

---

[8]Plaintiff also contends that she should have been permitted to complete discovery before a ruling on the motion under Code of Civil Procedure section 581a. This contention is devoid of substance. No authority has been cited to us to support such an assertion, and, to our knowledge, none exists.