[Civ. No. 63300. Second Dist., Div. Five. June 29, 1982.]

ELINOR ADELSON, Plaintiff and Appellant, v.
HERTZ RENT-A-CAR et al., Defendants and Respondents.

COUNSEL

Lewis, D'Amato, Brisbois & Bisgaard, Raul L. Martinez, Comroe & Spolin and Eugene Comroe for Plaintiff and Appellant.

Bonelli, Heib, Fuchs & O'Neal, John G. Bonelli and Marc J. Wodin for Defendants and Respondents.

OPINION

**STEPHENS, Acting P. J.**—This is an appeal by plaintiff and appellant Elinor Adelson from a ruling of the trial court dismissing her action against respondent Gillis pursuant to Code of Civil Procedure section 581a for failure to serve and return summons within three years.

The action arose out of a suit for personal injuries brought by Adelson against the Hertz Corporation and Barbara Gillis. The complaint was filed on August 16, 1977. Hertz was served with summons and complaint on August 23, 1977. According to declarations made by Adelson's counsel, service was attempted on Gillis on August 26, 1977, at an address given to Adelson by Gillis. This attempt proved unsuccessful.

On September 3, 1977, the following letter, confirming a telephone conversation between a Hertz claim representative and Adelson's counsel, was received by Adelson's counsel: "This will confirm our recent telephone conversation in which it was agreed that we have an open extension subject to 20 days written notice in which to answer or otherwise plead on behalf of The Hertz Corporation and Barbara Gillis when properly served."

Thereafter, unsuccessful settlement negotiations were undertaken between Adelson and Hertz. On March 21, 1978, Hertz answered the complaint.

On March 22, 1978, appellant propounded two interrogatories to Hertz requesting the residence and business addresses of Gillis. Service was then attempted for a second time, according to declarations of Adelson's counsel, at one of the Los Angeles addresses. This attempt also proved unsuccessful.

Gillis was married on April 28, 1979, and thereafter changed her surname to Boudreault. On September 9, 1980, 24 days after the 3-year statute for serving and returning summons set forth in section 581a had expired, Gillis was served in Canada at an address she moved to following her marriage. Prior to this time, no attempts were made by Adelson's counsel to serve Gillis at her Canadian address.

Counsel for Gillis then filed a motion to dismiss pursuant to section 581a, which was denied by the trial court. Thereafter, a petition for

writ of mandamus and/or prohibition was filed with this court. We remanded the action for reconsideration in light of the California Supreme Court's decision in *Hocharian* v. *Superior Court* (1981) 28 Cal.3d 714 [170 Cal.Rptr. 790, 621 P.2d 829]. On remand, the trial court vacated its previous ruling and ordered dismissal of the action. This appeal followed.

The issue to be decided on appeal concerns whether this situation falls within any of the express or implied exceptions to the mandatory dismissal provisions of section 581a. For the reasons which follow, we hold that it does not and affirm the judgment.

Section 581a, subdivision (a), provides: "No action heretofore or hereafter commenced by complaint shall be further prosecuted, and no further proceedings shall be had therein, and all actions heretofore or hereafter commenced shall be dismissed by the court in which the same shall have been commenced, on its own motion, or on the motion of any party interested therein, whether named as a party or not, unless the summons on the complaint is served and return made within three years after the commencement of said action, except where the parties have filed a stipulation in writing that the time may be extended or the party against whom the action is prosecuted has made a general appearance in the action."

Appellant first contends that the letter of September 3, 1977, which granted an open extension "to answer or otherwise plead" on behalf of Gillis "when properly served" reflected an intent to submit to the jurisdiction of the court and constituted a general appearance on behalf of Gillis. If this were true, the three-year time limit imposed by section 581a, subdivision (a), would be waived. Appellant's theory, however, was not considered below.

Preliminarily, therefore, we must decide whether appellant may present a legal theory on appeal which was not presented at the trial level. As a general rule, a party may not change the theory of his case on appeal when the issue was not properly raised in the trial court. (*Ernst* v. *Searle* (1933) 218 Cal. 233, 240-241 [22 P.2d 715]; *Barton* v. *Owen* (1977) 71 Cal.App.3d 484, 491 [139 Cal.Rptr. 494].) An exception to this rule exists where a question of law only is presented on the facts appearing in the record. "But if the new theory contemplates a factual situation the consequences of which are open to controversy and

were not put in issue or presented at the trial the opposing party should not be required to defend against it on appeal. [Citations.]" (*Panopulos* v. *Maderis* (1956) 47 Cal.2d 337, 341 [303 P.2d 738].)

When considering this exception, one should remember that "[l]itigation is an adversary process contemplating an element of risk to all parties. To permit a change of theory on appeal is to allow one party to deal himself a hole card to be disclosed only if he loses. Even if that device does no more than give him a second chance, it has unbalanced the inherent risk of the litigation and put the other party at a disadvantage." (*Marsango* v. *Automobile Club of So. Cal.* (1969) 1 Cal.App.3d 688, 695 [82 Cal.Rptr. 92].)

The above exception is not present in the instant case. Appellant's new theory definitely contemplates a factual situation, the consequences of which are open to controversy. A clear question of fact exists as to what was intended by this agreement. This issue was never raised below. Had it been raised, the open extension certainly would have been open to question, since it appears to be conditioned upon service. Because this agreement would have been open to question had it been raised below, we do not consider the issue of its effect here.[1]

■ Appellant next contends this case falls under the exception to section 581a enunciated in subdivision (d). That subdivision provides: "The time during which the defendant was not amenable to the process of the court shall not be included in computing the time period specified in this section."

Respondent's marriage and subsequent change of name and address did not make her "not amenable to process" pursuant to subdivision (d). Where there are procedures by which a defendant may be served, and, through the exercise of reasonable diligence, the possibility of effecting that service exists, the defendant cannot be considered "not amenable to process." (See *Buchanan* v. *Buchanan* (1979) 99 Cal.App.3d 587 [160 Cal.Rptr. 577]; *Evartt* v. *Superior Court* (1979) 89 Cal.App.3d 795

---

[1]It should be noted, however, that the authorities cited by appellant in support of this argument are distinguishable from the case at bar. Appellant relies primarily on *General Ins. Co.* v. *Superior Court* (1975) 15 Cal.3d 449 [124 Cal.Rptr. 745, 541 P.2d 289] and *Knapp* v. *Superior Court* (1978) 79 Cal.App.3d 799 [145 Cal.Rptr. 154]. In those cases, unlike the instant case, defendant was served within the three-year period. Appellant asserts that this is a distinction without a difference, but we do not agree. Additionally, the open extension agreements in those cases were not, as here, expressly conditioned upon proper service.

[152 Cal.Rptr. 836]; *Ostrus* v. *Price* (1978) 82 Cal.App.3d 518 [146 Cal.Rptr. 922].)

Code of Civil Procedure section 413.10 provided appellant with the means of obtaining service on a foreign defendant, an individual residing, as here, out of the country. The facts clearly show that service was effected on Gillis in Canada with little difficulty even though she had changed her name and moved to another location within the city. Additionally, appellant's argument is untenable because no attempt to serve Gillis was made until after the three-year limitation had expired. We cannot conclude that Gillis was "not amenable to process" pursuant to section 581a, subdivision (d).

■ Turning now to the implied exceptions to section 581a, appellant contends that: (1) Gillis and Hertz are estopped to assert dismissal under section 581a; and (2) Gillis' transiency and change of name made it impracticable to serve her.

Despite the mandatory language of section 581a, courts over the years have recognized a number of implied exceptions to be applied in the discretion of the trial court. They include impossibility, impracticability, and futility. (*Hocharian* v. *Superior Court, supra*, 28 Cal.3d at p. 721.) Additionally, if a defendant's conduct induces detrimental reliance on the part of plaintiff, who then fails to serve and return the summons, defendant will be estopped from seeking a dismissal. (*Tresway Aero, Inc.* v. *Superior Court* (1971) 5 Cal.3d 431, 439-440 [96 Cal.Rptr. 571, 487 P.2d 1211].)

General guidelines for the exercise of the trial court's discretion in this area were set forth in *Hocharian*, where the court stated: "In applying any of these exceptions to a given factual situation, the critical question is whether a plaintiff used reasonable diligence in prosecuting his or her case. The particular factual context or cause of the noncompliance should not be determinative; rather, the primary concern must be the nature of the plaintiff's conduct." (*Hocharian* v. *Superior Court, supra*, 28 Cal.3d at p. 722, fns. omitted.)

Even if a plaintiff establishes the use of reasonable diligence in attempting service, the trial court in its discretion may still dismiss the action, if it finds undue prejudice to defendant from the delay in serving the summons. (*Hocharian* v. *Superior Court, supra*, 28 Cal.3d at p. 724.) The *Hocharian* court also required the trial court to make a

factual finding concerning the nature of plaintiff's conduct in attempting service.

In this case, a hearing was held on the issue of reasonable diligence. Implicit in this hearing was consideration of the factual question of plaintiff's conduct. Additionally, the trial court's exercise of discretion upon remand in this matter was specifically guided by the standards enunciated in *Hocharian.*

Mindful of the above discussion, we now address appellant's contention that Gillis' transiency and change of name made it impracticable to serve her.

As stated above, prior to *Hocharian* impracticability was one of the implied exceptions to the requirement of mandatory dismissal. (See *Rose* v. *Knapp* (1951) 38 Cal.2d 114, 117 [314 P.2d 812]; *Christin* v. *Superior Court* (1937) 9 Cal.2d 526, 533 [71 P.2d 205, 112 A.L.R. 1153].) However, as stated in *Lesko* v. *Superior Court* (1982) 127 Cal.App.3d 476, 484 [179 Cal.Rptr. 595], "the 'implied exceptions' to section 581a have now been modified so that, for example, it is not necessary to show that service of summons was an 'impossibility.' It is enough to show that plaintiff was 'reasonably diligent,' though unsuccessful, in attempting to serve defendant in the three-year interval."

No such "reasonable diligence" was exercised by appellant in this case. Appellant was provided with Gillis' American and Canadian addresses in April 1978 in answer to interrogatories propounded to Hertz. Although declarations of appellant's counsel indicate that attempts were made to serve Gillis at one of the American addresses, no attempt was made to serve Gillis at the Canadian address until September 9, 1980. No excessive difficulty or expense was encountered by appellant in effecting this service. As mentioned above, appellant waited until after the three-year limitation period had elapsed to even attempt to serve Gillis at this address. We conclude, therefore, that service of process on Gillis at her Canadian address was not impracticable.

■ Finally, appellant contends Gillis should be estopped to assert dismissal under section 581a. The viability of this exception was also discussed in *Hocharian:* "In *Tresway Aero, Inc.* v. *Superior Court* (1971) 5 Cal.3d 431 [96 Cal.Rptr. 571, 487 P.2d 1211], this court recognized another implied exception to section 581a in holding that a

defendant may be estopped from seeking dismissal if his conduct or assertions induce detrimental reliance on the part of the plaintiff who thereby fails to serve and return summons within the three-year period." (*Hocharian* v. *Superior Court, supra*, 28 Cal.3d at p. 721, fn. 4.)

Unfortunately, this contention, like appellant's first contention, was not raised in the court below and is being presented for the first time on appeal. The contention presents "a factual situation the consequences of which are open to controversy...." (*Panopulos* v. *Maderis, supra*, 47 Cal.2d at p. 341.) Any reliance by appellant on the letter allegedly granting an open extension must be reasonable before estoppel will apply. (*Tresway Aero, Inc.* v. *Superior Court, supra*, 5 Cal.3d at p. 440; accord *Hocharian* v. *Superior Court, supra*, 28 Cal.3d at p. 721, fn. 4.) An appellate court is not the proper forum for making such determinations. We are not able to say as a matter of law, based on the record before us, that appellant was acting reasonably in relying on this letter as a means of excusing service on Gillis.[2] Appellant did not argue the issue of estoppel below and cannot so argue here.

We conclude the trial court was correct in finding that the appellant failed to exercise reasonable diligence in serving Gillis. We therefore find it unnecessary to address the issue of prejudice.

The judgment is affirmed.

Ashby, J., and Hastings, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied September 8, 1982.

---

[2]In fact, appellant's conduct appears to be inconsistent with any such claim. After receiving the letter, appellant sent out interrogatories to ascertain Gillis' whereabouts and then immediately attempted to serve her at one of the addresses provided.