[No. B047783. Second Dist., Div. One. Sept. 20, 1990.]

MATTCO FORGE, INC., et al., Plaintiffs and Respondents, v. ARTHUR YOUNG & CO., Defendant and Appellant.

[No. B047752. Second Dist., Div. One. Sept. 20, 1990.]

ARTHUR YOUNG & CO., Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; MATTCO FORGE, INC., et al., Real Parties in Interest.

COUNSEL

Eugene R. Erbstoesser and Cameron D. Coy for Defendant and Appellant and Petitioner.

O'Neill & Lysaght, J. Joseph Connolly and John M. Moscarino for Plaintiffs and Respondents and Real Parties in Interest.

No appearance for Respondent Court.

OPINION

**VOGEL, J.**—Arthur Young & Co. seeks a writ of mandate reversing an order imposing discovery sanctions and, concurrently, appeals from an order imposing additional sanctions upon the denial of its motion for reconsideration of the discovery sanctions. We deny the writ and affirm the order imposing sanctions.

## FACTS

This discovery dispute does not turn on the substantive facts of this case. Procedurally, the facts relevant to the issues are not disputed.

Mattco Forge, Inc. and its president sued Arthur Young & Co. and two of its employees. While Arthur Young's demurrer to Mattco's original complaint was pending, Mattco served a demand for inspection of documents on Arthur Young. Arthur Young responded with blanket objections. Mattco dutifully asked Arthur Young to meet and confer. Arthur Young refused, responding that "it was premature and a complete waste of . . . time" to discuss discovery matters until the pleading issues were resolved. This resolution was expected to occur on October 26, 1989, when the trial court was to conduct a hearing on Arthur Young's demurrer.

The pleading issues were not resolved on October 26; the trial judge sustained Arthur Young's demurrer but gave Mattco 20 days leave to amend. Mattco renewed its request to meet with Arthur Young to discuss the discovery dispute. Predictably, Arthur Young repeated its position that it would be a waste of time to talk about discovery until the pleading issues were resolved.

Mattco abandoned its effort to resolve the dispute amicably and economically, and filed a "Motion for Order Compelling Production of Documents and for Sanctions" pursuant to sections 2031 and 2023 of the Code of Civil Procedure.[1] In the body of the notice of motion, Mattco asked for monetary sanctions against Arthur Young and its attorney "because of their failure to meet and confer as required by the Code of Civil Procedure." Substantively, Mattco complained about Arthur Young's failure to produce any documents and asserted that all of Arthur Young's objections were unmeritorious.

Arthur Young filed written opposition defending its refusal to produce the requested documents on grounds of prematurity, privilege and public policy and asserted that it had satisfied its meet and confer obligations. On November 27, 1989, the trial court granted four-fifths of Mattco's motion to compel (eight out of ten requests were granted) and also granted one-fourth of Mattco's request for sanctions under subdivision (*l*) of section 2031 (Mattco asked for $3,062.50 and was awarded $750).

Undeterred, on December 7, 1989, Arthur Young filed a motion for reconsideration of the $750 sanction award. Significantly, Arthur Young

---

[1] Unless otherwise indicated, all statutory references are to the Code of Civil Procedure.

did not seek reconsideration of the trial court's order that the documents requested by Mattco be produced, and simply argued (as it had in opposition to Mattco's motion) that its objections to the requests for production were "substantially justified." Mattco filed written opposition and requested additional sanctions pursuant to sections 128.5 and 2023. On December 27, 1989, the trial court denied Arthur Young's motion for reconsideration and granted Mattco's request for sanctions, ordering Arthur Young and its attorneys to pay an additional $800 to Mattco. Still undeterred, Arthur Young appealed from the second order and filed a petition for writ of mandate attacking the first order.

We consolidated Arthur Young's petition for writ of mandate with its appeal from the order imposing the second sanction award. Neither the petition nor the appeal attack the merits of the trial court's order to produce the documents requested by Mattco.

## I.

### THE FIRST AWARD OF SANCTIONS

Arthur Young complains that the first award of sanctions (based on the inadequacy of Arthur Young's discovery responses) was erroneous because Mattco's notice of its request for sanctions referred only to Arthur Young's purported refusal to meet and confer. Alternatively, Arthur Young contends that even if the notice was sufficient, sanctions were nevertheless improper because Arthur Young acted with substantial justification in refusing to produce the documents. We reject both contentions.

#### A. *The Notice Was Adequate*

Mattco's motion to compel and ancillary request for sanctions were by their express terms based on sections 2031 and 2023. Mattco's secondary request for sanctions based on Arthur Young's refusal to meet and confer neither added nor detracted from Mattco's specific references—in both the title of the document and the body of the notice of motion—to section 2031 and to Arthur Young's frivolous objections to all 10 requests for production of documents. Arthur Young certainly was not misled; its opposition to Mattco's motion not only defended its refusal to meet and confer but also attempted to justify its blanket objections.

According to Arthur Young, however, Mattco's notice was inadequate because a request for sanctions must "specify the type of sanctions sought" and provide "an opportunity for a hearing." The argument fails because Mattco satisfied both requirements; it requested "monetary sanc-

tions," thus identifying the type of sanction sought, and it gave Arthur Young an opportunity to be heard by timely noticing its request for sanctions for hearing with its motion to compel. (*In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 654 [183 Cal.Rptr. 508, 646 P.2d 179].) No more was required.

### B. *The Objections Were Without Substantial Justification*

 The trial court was required to award sanctions against Arthur Young absent a finding that Arthur Young acted with substantial justification or that other circumstances made imposition of the sanctions unjust. (§ 2031, subd. (*l*).)[2] Arthur Young fails to point to anything in the record to support its claim that its objections to the eight document requests were justified, focusing instead on the two requests where the objections were legitimate and ignoring altogether the fact that the amount of fees requested by Mattco was reduced to take into account the fact that its motion was not granted in its entirety.

Straining to find something to support its position, Arthur Young asks us to conclude that the fact that it was given 30 days to comply with the trial court's order to produce the requested documents (a date beyond the next scheduled hearing on Arthur Young's still pending demurrer) shows that the trial court agreed with Arthur Young's claim of prematurity. We disagree.

Construed as charitably as possible, the timing shows only the trial court's concern that, at that stage of the dispute, the demurrer ought to be resolved first. ██ ██ This scheduling consideration does not come close to establishing that Arthur Young's refusal to produce the documents in the first place—thus forcing Mattco to make its motion to compel—was justified.[3]

---

[2] As relevant, subdivision (*l*) of section 2031 provides that: "The court *shall* impose a monetary sanction under Section 2023 against any party, person, or attorney who unsuccessfully makes or opposes a motion to compel further response to an inspection demand, *unless it finds* that the one subject to the sanction acted with substantial justification or that other circumstances make the imposition of the sanction unjust." (Italics added.)

[3] Arthur Young's prematurity argument was properly rejected by the trial court. Pleading deficiencies generally do not affect either party's right to conduct discovery (*Budget Finance Plan* v. *Superior Court* (1973) 34 Cal.App.3d 794, 797, 798 [110 Cal.Rptr. 302]) and this right (and corresponding obligation to respond) is particularly important to a plaintiff in need of discovery to amend its complaint (*Union Mutual Life Ins. Co.* v. *Superior Court* (1978) 80 Cal.App.3d 1, 12 [145 Cal.Rptr. 316]).

"[W]here the reason put forward for refusing discovery is rather clearly without merit under the state of the authorities then existing, it is hard to see how the losing party can show that its actions were taken with 'substantial justification.' " (2 Hogan, Modern Cal. Discovery (4th ed. 1988) § 15.3, p. 303.)

■ Accordingly, the trial court correctly awarded sanctions and selected an amount that was reasonable under the circumstances—four-fifths of Mattco's motion was granted and one-fourth of the amount of sanctions requested was awarded to Mattco. The result was both fair and legally correct. (Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (Rutter 1990) § 8:1189, p. 8F-63.)

## II.

### THE SECOND SANCTION AWARD

Arthur Young erroneously assumes that the second award of sanctions was based exclusively on section 128.5 and that it is insufficient (1) because the factual predicates for application of that statute are missing and (2) because the trial court failed to make the findings required by subdivision (c) of section 128.5. Arthur Young conveniently ignores the fact that Mattco's request for sanctions was based not only on section 128.5 but also on section 2023. We find the sanction award was proper under the Discovery Act and we therefore do not reach the arguments based on section 128.5.[4]

■ The second sanction award was made because the trial court properly concluded that the motion for reconsideration was frivolous. Reconsideration, in a discovery dispute as in most other contexts, involves further proceedings on the underlying motion and is simply a continuation of the hearing in which the reconsidered order was rendered. (*Buchanan* v. *Buchanan* (1979) 99 Cal.App.3d 587, 594-595 [160 Cal.Rptr. 577].)[5] It follows necessarily that Arthur Young's motion for reconsideration of the sanction award was nothing more than a continuation of its opposition to Mattco's

---

[4] In its brief on appeal, Mattco attempts to persuade us that the order is sufficient under section 128.5 but Mattco does not address section 2023. Arthur Young, of course, claims in its brief that the order fails to satisfy section 128.5 and no mention is made of section 2023. We raised the alternative argument on our own at oral argument and, as required by section 68081 of the Government Code, we gave notice to both parties of our interest in this issue and invited the submission of supplemental letter briefs. Mattco and Arthur Young accepted our invitation and their arguments have been considered.

[5] *Buchanan* did not involve a discovery dispute. The issue there was whether a peremptory challenge pursuant to section 170.6 was timely after the judge had decided the defendant's motion to dismiss but before hearing on the plaintiff's motion for reconsideration. The court found the challenge untimely because "reconsideration of the motion to dismiss involved further proceedings on that same motion: the motion to reconsider was part of the motion to dismiss, and was a continuation of the hearing in which the order was rendered. A challenge under section 170.6 is untimely if filed between the issuance of an order on a pretrial motion and the hearing on the motion to reconsider that same order. A section 170.6 challenge cannot be lodged while a hearing is pending on a pretrial motion, and it is our conclusion that, for the purposes of section 170.6, the hearing on a pretrial motion does not conclude until after the reconsideration motion, if any." (*Buchanan* v. *Buchanan, supra,* 99 Cal.App.3d at pp. 594-595.)

motion to compel production and original request for sanctions, clearly part and parcel of the underlying discovery dispute. So viewed, it is apparent that the trial court properly awarded *discovery* sanctions (*not* § 128.5 sanctions) against Arthur Young and it is equally apparent that there was no need for the trial court to make written findings explaining its order. (§ 2031, subd. (e)(6) ["The court *shall* impose a monetary sanction . . . *unless it finds* that the one subject to the sanction acted with substantial justification . . . ." Italics added]; see also 2 Civil Discovery Practice in Cal. (Cont.Ed.Bar 1988) § 13.138, p. 914.)

Understandably, Arthur Young disagrees with this conclusion. Arthur Young, of course, is engaged in a game of "gotcha" and, as is true of most players, it prefers giving to receiving.[6] Until now, it has been an adept participant. It entered the game by interposing frivolous objections to Mattco's demand for production, forcing Mattco to incur fees and costs by moving to compel production. Instead of backing off when it saw that Mattco's motion was well founded, Arthur Young filed opposition, forcing Mattco's attorney to review more papers and to appear in court for the hearing on the motion.

The first award of sanctions ($750) partially compensated Mattco for Arthur Young's misuse of the discovery process. Arthur Young then started the next round by moving for reconsideration, thus forcing Mattco's attorney to respond to that motion and to make yet another court appearance. The second award of sanctions ($800) was simply the trial court's effort to stop Arthur Young's discovery abuses.

But Arthur Young was not stopped. Over the grand sum of $1,550, Arthur Young has filed a petition for writ of mandate and an appeal, forcing Mattco to review a foot-and-a-half of clerk's and reporter's transcripts, file briefs responding to both the petition and the appeal, and appear for oral argument. To allow Arthur Young to continue its abuse of the discovery process would be to condone precisely the type of conduct the Discovery Act was intended to stop. We do not propose to let that happen.[7]

Arthur Young tells us there are several reasons why we should not uphold the second sanction award as proper under the Discovery Act. We reject each of these arguments seriatim.

---

[6] See *In re Marriage of McDole* (1985) 176 Cal.App.3d 214, 218 [221 Cal.Rptr. 734], disapproved on another point in *In re Marriage of Fabian* (1986) 41 Cal.3d 440, 451, footnote 13 [224 Cal.Rptr. 333, 715 P.2d 253]; see also *Salcedo* v. *Asociacion Cubana, Inc.* (Fla.Dist.Ct.App. 1979) 368 So.2d 1337, 1339 ["Today, we might say that the courts will not allow the practice of the 'Catch-22' or 'gotcha' school of litigation to succeed"].

[7] The cornerstone of modern discovery in California is the abolition of "the sporting theory of litigation . . . ." (*Greyhound Corp.* v. *Superior Court* (1961) 56 Cal.2d 355, 376 [15 Cal.Rptr. 90, 364 P.2d 266].)

First, Arthur Young contends our reliance on *Buchanan* v. *Buchanan, supra,* 99 Cal.App.3d 587, is misplaced because it predates enactment of subdivision (a) of section 1008 and, at the time *Buchanan* was decided, "there was no statutory authority for a motion for reconsideration." The argument is a non sequitur.

Former section 1008 permitted only the moving party to request reconsideration of a ruling denying its motion.[8] The sole remedy of an unsuccessful nonmoving party was a motion to vacate made pursuant to section 473. (*Graham* v. *Hansen* (1982) 128 Cal.App.3d 965, 970 [180 Cal.Rptr. 604].) Section 1008 was amended in 1978. (Stats. 1978, ch. 631, § 2, eff. Jan. 1, 1979.) Then and now, subdivision (a) provides that:

"(a) When an application for an order has been made to a judge, or to the court, and refused in whole or in part, or granted, or granted conditionally, or on terms, any party affected by the order may, within ten (10) days after knowledge of the order and based upon an alleged different state of facts may, make application to the same judge who made the order, to reconsider the matter and modify, amend or revoke the prior order."

There is nothing in *Buchanan* or in the amendment to section 1008 to support a conclusion that a motion for reconsideration is any less a continuation of the original hearing now than it was when *Buchanan* was decided. To the contrary, it is clear that the *Buchanan* court based its decision on the logical analysis that, for purposes of exercising a peremptory challenge pursuant to section 170.6, the motion for reconsideration—regardless of who made it—was clearly a continuation of the original hearing. That this is so is evident from the facts of *Buchanan*—where notwithstanding the limitations of former section 1008, the party seeking reconsideration was the party opposing the original motion. The relationship is the same here and the reasoning of *Buchanan* applies with equal force.

Second, Arthur Young jumps back to the argument rejected above—that it did not have proper notice of the first sanction award—and tells us that the subject of its motion for reconsideration was not a continuation of the

---

[8] Former section 1008 (repealed Stats. 1978, ch. 631, § 1) provided: "When an application for an order has been made to a judge, or to the court, and refused in whole or in part, or granted conditionally, or on terms, and subsequent application for the same order, upon an alleged different state of facts, shall be made, it shall be shown by affidavit what application was before made, when and to what judge, what order or decision was made thereon and what new facts are claimed to be shown. For a failure to comply with this requirement, any order made on such subsequent application may be revoked or set aside on ex parte motion. [¶] A violation of this section may be punished as a contempt; and an order made contrary thereto may be revoked by the judge or commissioner who made it, or vacated by a judge of the court in which the action or proceeding is pending."

original hearing because it was never heard on the subject of section 2031 sanctions. The argument is fanciful.

As we explained above, the notice was proper. Furthermore, Arthur Young's rhetoric cannot obscure the simple fact that the subject of its motion for reconsideration was the sanction award made against it, no more and no less. The arguments made were the same as those originally rejected by the trial court and the motion for reconsideration was, in every sense, a continuation of the hearing on Mattco's original request for discovery sanctions.

Third, Arthur Young notes that although the trial court did not cite any statute in the minute order granting the second award of sanctions, it did find that the motion for reconsideration was "frivolous." This, contends Arthur Young, means that the trial court was applying section 128.5 and the "appeal must be viewed" in that context and the order reversed. Arthur Young is wrong. An order or judgment correct on any theory will be affirmed on appeal and the fact that the trial court might have had the wrong statute in mind is irrelevant. (*Davey* v. *Southern Pacific Co.* (1897) 116 Cal. 325, 329 [48 P. 117].) The trial court's use of the word "frivolous" was factually accurate and legally irrelevant.

Fourth, Arthur Young contends that the award cannot stand under the Discovery Act because the section relied on by Mattco, 2023, does not include a motion for reconsideration in its list of discovery abuses. Arthur Young misses the point.

Section 2023 identifies as a misuse of the discovery process the making, without substantial justification, of an unmeritorious objection to discovery (§ 2023, subd. (a)(5)). *Buchanan* teaches that a motion for reconsideration is part of the underlying motion and a continuation of the hearing in which the order was rendered. (*Buchanan* v. *Buchanan, supra,* 99 Cal.App.3d at p. 594.) The point, then, is that the second award of sanctions was proper because Arthur Young's motion for reconsideration was a continuation of the hearing on Mattco's motion to compel and original request for sanctions based on Arthur Young's unmeritorious objections. By making the motion for reconsideration, Arthur Young caused Mattco to incur additional fees and the practical effect of the second sanction award was simply to increase the original amount to make Mattco whole.

The other answer to this argument is that a motion for reconsideration of a discovery order is directly within the operation of section 2023. Subdivision (a) of section 2023 says "[m]isuses of the discovery process include, but are not limited to" the nine listed abuses. The Reporter's Note

to section 2023 persuades that the statute means what it says: "Although the Commission has tried to make this list a comprehensive one, it recognizes that other categories of abuse may develop. Accordingly, this list of abuses is illustrative, not exhaustive." (Rep. State Bar/Judicial Council of Cal. Joint Com. on Discovery, Note to § 2023, quoted in 3 Hogan, Modern Cal. Discovery (4th ed. 1988) appen. D, p. 195.)

We see no reason why a motion for reconsideration of a discovery sanction award, made without substantial justification and in the absence of other circumstances making an award of sanctions unjust, should not be viewed as an abuse of the discovery process within the meaning of subdivision (a) of section 2023. (See also 2 Civil Discovery Practice in Cal. (Cont.Ed.Bar 1988) § 13.1, p. 820; § 13.135, pp. 910-911.)[9]

Any other result would be inconsistent with the Civil Discovery Act of 1986 and would defeat the legislative intent to shift fees and costs to the party who has failed to comply with the act. (2 Hogan, Modern Cal. Discovery (4th ed. 1988) § 15.3, p. 301 ["The 'monetary' sanction is the sanction of first resort in dealing with conduct that interferes with the basic policy objective that the methods of civil discovery be self-executing, that is to say, that they operate without involvement on the part of the trial court. *When a court is forced to rule on . . . a motion to compel a further response to some form of discovery, the Discovery Act reflects the legislative determination that the one who loses that motion should presumptively pay a monetary sanction to the one who prevails.*" Italics added].)

The initial award of sanctions properly shifted the cost of the motion to compel from Mattco to Arthur Young. When Mattco was forced to respond to Arthur Young's motion for reconsideration, Mattco incurred additional fees and costs and the trial court correctly shifted that expense to Arthur Young. To hold otherwise would approve the use of a motion for reconsideration to deprive a prevailing party of the costs it has recovered for making a motion made necessary in the first place only because the other party did not comply with its obligations under the Discovery Act. We refuse to reach such an anomalous result. If the sanction provisions of the Discovery Act are to be a credible deterrent to discovery abuses, they must be applied to prevent a losing party from accomplishing indirectly that which it is expressly prohibited from doing directly—forcing a party who deals fairly to pay for the abusive tactics of one who does not. ▆▆ ▆▆ ▆▆ ▆▆ ▆▆ (*Fred Howland Co.* v. *Superior Court* (1966) 244 Cal.App.2d 605, 610 [53 Cal.Rptr. 341] [" 'One of the principal purposes of the Discovery

---

[9] Our analysis of section 2023 is limited to the type of motion before us, i.e., a motion for reconsideration of an order made in response to a discovery motion, and we express no opinion regarding the application of section 2023 to any other motion.

Act . . . is to enable a party to obtain evidence in the control of his adversary in order to further the efficient, *economical* disposition of cases according to right and justice *on the merits.*' "].[10]

### III.

#### MATTCO'S REQUEST FOR SANCTIONS ON APPEAL

Mattco asks us to impose additional sanctions against Arthur Young and its attorneys for pursuing a frivolous appeal. We would like to comply, but cannot.

■ The second sanction award cannot be salvaged under section 128.5. As Arthur Young correctly asserts, no findings were made and reliance on section 128.5 would compel us to reverse and remand with instructions to the trial court to make the appropriate findings or vacate the award.[11] In that event, Arthur Young, as the prevailing party, could hardly be accused of pursuing a frivolous appeal.[12] It is only because we uphold the second sanction award as a discovery sanction that the absence of findings is not fatal, and we cannot say that the basis for our decision should indisputably have been anticipated.

Our inability to award sanctions does not inhibit our right to criticize Arthur Young and its attorneys for continuing the game of "gotcha" by taking advantage of the trial court's failure to make the findings required by section 128.5. At no out-of-pocket cost to itself (it appears through in-house counsel), Arthur Young has forced Mattco to respond in this court to an

---

[10] At oral argument, the question was raised whether this construction of the second sanction award would affect its appealability. It does not. Subdivision (k) of section 904.1 authorizes an appeal "[f]rom a superior court judgment directing payment of monetary sanctions by a party or an attorney only if the amount exceeds . . . $750. . . ." We construe the order imposing the second sanction award of $800 as a judgment in order to preserve its appealability. Alternatively, we could of course treat the appeal as a petition for writ of mandate. (*Olson* v. *Cory* (1983) 35 Cal.3d 390, 401 [197 Cal.Rptr. 843, 673 P.2d 720].) Either way, we reach the merits.

[11] Under section 128.5, "[t]he court must state the specific circumstances giving rise to the award of attorneys' fees, and state with particularity the basis for finding those circumstances amount to 'tactics or actions not based on good faith which are frivolous or which cause unnecessary delay.' The court's written order should be more informative than a mere recitation of the words of the statute." (*Fegels* v. *Kraft* (1985) 168 Cal.App.3d 812, 816 [214 Cal.Rptr. 380].)

Here, all the order states is that "[t]he court finds that this motion is frivolous and awards sanctions of $800.00, against Arthur Young & Company and their attorneys."

[12] "[A]n appeal should be held to be frivolous only when it is prosecuted for an improper motive—to harass the respondent or delay the effect of an adverse judgment—or when it indisputably has no merit—when any reasonable attorney would agree that the appeal is totally and completely without merit." (*In re Marriage of Flaherty, supra*, 31 Cal.3d 637, 650.)

appeal and a writ petition which, at most, could have resulted in a remand with directions to make further findings. Arthur Young would still owe the $1,550 but Mattco would be frustrated at best and possibly ready to give up its case rather than suffer further abuse and expense.[13]

We have no idea whether Mattco's lawsuit is meritorious. If it is not, Arthur Young has a number of legitimate means by which it can seek early resolution of the dispute. But what Arthur Young cannot do is misuse the discovery process to batter Mattco into submission—that is a perversion of the Discovery Act and a distortion of a legal system founded on principles of fair play.

## DISPOSITION

We deny the petition for writ of mandate and affirm the sanction order which is the subject of the appeal. We deny Mattco's request for sanctions on appeal.

Spencer, P. J., and Devich, J., concurred.

[13] There is little doubt that cost is of no concern to Arthur Young. Having argued the case once and thereafter submitted a letter brief in response to our questions, Arthur Young asked us to reschedule oral argument. We declined, agreeing with Mattco that "[t]oo much money, time and energy have already been devoted to this $1,500 dispute."