Filed 1/10/14  Kim v. Bluelight Technology CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| JOON HOO KIM,<br><br>    Plaintiff,<br><br>v.<br><br>BLUELIGHT TECHNOLOGY, INC.,<br><br>    Defendant and Respondent;<br><br>JANCE M. WEBERMAN,<br><br>    Objector and Appellant. | H038131<br>(Santa Clara County<br>Super. Ct. No. CV201057) |

Appellant Jance M. Weberman, who was at one time counsel for the plaintiff in this shareholder derivative action, appeals from (1) a November 4, 2011 order in which the trial court imposed discovery sanctions against him in the amount of $5,041 and (2) a March 6, 2012 order in which the trial court imposed additional sanctions in the amount of $750.  As we will explain, the appeal as to the November 4, 2011 sanctions order is untimely and will be dismissed.  The appeal as to the March 6, 2012 sanctions order is properly before us, but because the trial court did not abuse its discretion when issuing that order, we will affirm it.

## BACKGROUND

Jance Weberman was counsel for Plaintiff Joon Hoo Kim (Plaintiff) in this shareholder derivative suit against Bluelight Technology Inc. (Defendant). Weberman's notice of appeal, filed April 2, 2012, states that he appeals from "JUDGMENT FOR SANCTIONS AGAINST COUNSEL FOR PRIOR DISCOVERY MOTION." The relevant sequence of events is set forth below.

In July 2011, Defendant propounded discovery requests on Plaintiff. Plaintiff failed to respond to these requests, and Defendant filed a motion to compel, which was set for hearing on November 4, 2011.

On September 27, 2011, Plaintiff, represented by Weberman, filed a motion for a protective order, claiming that Defendant's discovery requests were unduly burdensome or expensive. (Cal. Civ. Proc. § 2019.030).[1]

On October 6, 2011, in its reply papers in support of the motion to compel discovery responses, Defendant moved for discovery sanctions against Plaintiff. Defendant served these documents by mail addressed to Weberman's office.

On October 7, 2011, Plaintiff requested that Weberman cease work on the case and return all of the files related to the litigation.

On October 26, 2011, Plaintiff appointed new counsel, Terry Park, and filed the appropriate paperwork to effect a substitution of attorney.

On November 4, 2011, the trial court heard Plaintiff's motion for a protective order and the motion to compel. At the hearing, Plaintiff was represented by his new trial counsel, Terry Park; Weberman was not present. Defendant requested that the court sanction "plaintiff . . . and/or the plaintiff's former counsel, Mr. Jance Weberman, not the current counsel, jointly and severely [*sic*]."

---

[1] All future statutory references are to the Code of Civil Procedure.

After the hearing, the trial court determined the following: "Plaintiff did not fulfill his meet and confer requirements. Moreover Plaintiff's arguments are entirely conclusory and unsupported. . . . Plaintiff has not provided a substantive opposition justifying his refusal to respond to discovery. . . . Plaintiff was not substantially justified in bringing its motion [for a protective order] or for refusing to respond to discovery. No other circumstances exist to make the award of sanctions unjust." The court granted Defendant's motion to compel, denied Plaintiff's motion for a protective order, and granted Defendant's request for sanctions in part. The court sanctioned "former Plaintiff's counsel, Jance Weberman" in the amount of $5,041 (hereafter November 2011 Order). The clerk of the court served copies of that order on all counsel, including Weberman.

On January 12, 2012, Weberman filed a motion to vacate discovery sanctions (hereafter, the "motion to vacate") under section 473, subdivision (b),[2] claiming the sanction order was the result of "mistake, inadvertence, surprise, or excusable neglect." Specifically, he argued that he was entitled to relief because he "mistakenly believed that subsequent counsel would either withdraw the motion or supplement it" and because he had no notice or opportunity to argue the prior sanctions in court. He also claimed he filed the protective order in good faith.

On February 14, 2012, Defendant filed an opposition to the motion to vacate, in which it requested additional sanctions in the amount of $1,430.50 for attorney fees to oppose the motion.

On March 2, 2012, the trial court held a hearing on the motion to vacate.

---

[2] Section 473, subdivision (b) states in relevant part: "The court may, upon any terms as may be just, relieve a party or his or her legal representative from a judgment, dismissal, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect."

3

On March 6, 2012, the trial court issued an order denying Weberman's motion to vacate and partially granting Defendant's request for monetary sanctions (hereafter, the March 2012 Order). The trial court noted that "it was clear that the Court intended to impose sanctions for Mr. Weberman's filing of a meritless opposition to the motion to compel and the filing of a meritless protective order. . . . Therefore, this motion is more in the nature of a motion for reconsideration." The court also found that "Weberman fails to set forth sufficient evidence to show that the November 4, 2011 discovery order issued against him was a result of his mistake, inadvertence, surprise, or excusable neglect." The court partially granted Defendant's additional sanctions request, imposing sanctions of $750 payable to Defendant for the cost of opposing the motion to vacate rather than the requested $1,430.50.

On April 2, 2012, Weberman filed his notice of appeal.

## DISCUSSION[3]

Before addressing the merits of Weberman's appeal, we must first discuss procedural issues regarding (1) the deficiencies of appellant's opening brief and his failure to provide an adequate appellate record, (2) the appealability of the sanctions orders, and (3) the timeliness of the appeal.

### A. Weberman's Opening Brief is Noncompliant and the Record is Inadequate

First, we are compelled to identify the serious procedural deficiencies existing in Weberman's filings with this court. Appealed judgments and orders are presumed correct, and error must be affirmatively shown. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) On appeal, the appellant has the burden of overcoming the presumption of correctness. That burden includes providing the appellate court with

---

[3] No respondent's brief was filed in this case. We will therefore decide the appeal on the record and appellant's opening brief. We intended to consider oral argument by appellant, but he was not present in court when this matter was called; thus the matter was submitted without oral argument. (Cal. Rules of Court, rule 8.220(a)(2); *Nakamura v. Parker* (2007) 156 Cal.App.4th 327, 334.)

reasoned arguments and citations to authority on each point raised. When the appellant asserts a point but fails to support it, the court may treat it as waived or forfeited, and pass it without consideration. (*People v. Stanley* (1995) 10 Cal.4th 764, 793.)

As we shall explain, Weberman's opening brief does not comply with the California Rules of Court. It contains only the most minimal citation to the record in support of his assertions of fact and his recitation of procedural matters that occurred below. Weberman's inadequate citation to the record violates California Rules of Court, rule 8.204(a)(1)(C).[4] (See *Dietz v. Meisenheimer & Herron* (2009) 177 Cal.App.4th 771, 800-801 [failure to include citations to appellate record may result in forfeiture of claim].) And, the few record citations that appear in his opening brief are noncompliant with the Rules of Court. They consist of block references to groups of pages of the reporter's transcript and clerk's transcript, rather than references to the specific page or pages upon which Weberman claims the fact is found, frustrating the court's efforts to evaluate his claims. (Rule 8.204(a)(1)(C); *Nazari v. Ayrapetyan* (2009) 171 Cal.App.4th 690, 694, fn. 1 ["Plaintiff's single citation to a reporter's transcript with block page references, for example, 'RT Vol 6, 2480-2501,' frustrates this court's ability to evaluate which facts a party believes support his position, particularly when a large portion of that citation referred to points that appeared to be irrelevant."]; see also *Bernard v. Hartford Fire Ins. Co.* (1991) 226 Cal.App.3d 1203, 1205 ["exact page citations" to the appellate record are required].)

Weberman's failure to cite to the record underscores the most fundamental problem with his appeal: the failure to procure and submit an adequate appellate record. Part of an appellant's burden of showing error is to provide an adequate record from which the claimed error may be demonstrated; the failure to present such a record

---

[4] All further rules references will be to the California Rules of Court.

5

forecloses review of the claimed error.  (*Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295-1296; see also *Wagner v. Wagner* (2008) 162 Cal.App.4th 249, 259.)

Weberman argues he had no notice or opportunity to defend against the November 2011 and March 2012 orders for sanctions.  But he only presents documents that support his contentions and omits other documents necessary for us to perform a proper review of his claims.  For example, the record on appeal does not contain Defendant's motion to compel, the opposition to the motion to compel, the reply papers submitted in support of the motion to compel (which contains the request for sanctions), and the opposition to Weberman's motion to vacate (which contains the second request for sanctions).  Additionally, we note that while the record contains the trial court's November 2011 Order, it does not contain the proof of service of that order.  As we will discuss below, the proof of service is necessary to determine whether Weberman's appeal of that order is timely.

Based upon the lack of citation to the record in Weberman's opening brief and his failure to present an adequate appellate record, it would be appropriate to conclude that Weberman's contentions on appeal have been forfeited.  (See *State Comp. Ins. Fund v. WallDesign Inc.* (2011) 199 Cal.App.4th 1525, 1528-1529, fn. 1.)  However, on our own motion, we have augmented the record to include:  (1) the proof of service for the November 2011 Order; (2) Defendant's reply in support of the motion to compel filed October 6, 2011; (3) Plaintiff's opposition to Defendant's motion to compel filed October 11, 2011; (4) the memorandum in opposition to the motion to vacate filed February 14, 2012; and (5) the Declaration of Brian H. Song (defense counsel) in opposition to the motion to vacate filed February 14, 2012.  These additional documents will permit us to review Weberman's contentions on appeal.

### B. Both Orders for Sanctions are Appealable

An order directing payment of monetary sanctions is appealable only "if the amount exceeds five thousand dollars ($5,000)."  (§ 904.1, subd. (a)(12).)  Multiple

orders for monetary sanctions may not be aggregated to meet the statutory threshold requirement for appealability. (*Calhoun v. Vallejo City Unified School Dist.* (1993) 20 Cal.App.4th 39, 45 ["because of the Legislature's intent to reduce the number of appeals from monetary sanction orders and the confusion that would result from a rule permitting aggregation, multiple . . . sanctions may not be aggregated under any circumstances to meet the appealability threshold of Code of Civil Procedure section 904.1"].) However, "[s]anction orders or judgments of five thousand dollars ($5,000) or less against a party or an attorney for a party may be reviewed on an appeal by that party after entry of final judgment in the main action, or, at the discretion of the court of appeal, may be reviewed upon petition for an extraordinary writ." (§ 904.1, subd. (b).)

Where there are multiple parties, one party may appeal prior to final judgment in the main action if a judgment has been entered that leaves no issue to be determined as to that party. (*Nguyen v. Calhoun* (2003) 105 Cal.App.4th 428, 437.) This exception to the one final judgment rule applies to attorneys seeking relief from sanctions orders of $5,000 or less. Once the attorney is no longer representing a party, even if the case has not yet been reduced to final judgment, there is no issue that must be decided as to that attorney so he or she may appeal a sanctions order that was not appealable when it was entered. (See *Barton v. Ahmanson Developments, Inc.* (1993) 17 Cal.App.4th 1358, 1361 (*Barton*).)

As to the November 2011 Order, the trial court granted sanctions in the amount of $5,041. This amount exceeds the statutory threshold amount of $5,000; hence, this order is appealable. (§ 904.1, subd. (a)(12).) As to the March 2012 Order, the trial court granted sanctions in the amount of $750. This amount falls below the statutory minimum, and, ordinarily, would not be appealable. However, in this instance, the March 2012 Order was a final judgment as to Weberman. The $750 sanction was only ordered against him. He was no longer Plaintiff's attorney when he was sanctioned and when he filed a notice of appeal on his own behalf. Furthermore, his appeal will have no

7

impact on the main action between Plaintiff and Defendant, nor will it delay the action in any way. The order was thus "final" as to Weberman as he has no further involvement in the litigation. Requiring him to wait until final judgment of the underlying shareholder derivative action would only needlessly delay resolution of an issue that is ripe for determination. (*Barton*, *supra*, 17 Cal.App.4th at p. 1362.) Accordingly, we conclude that the March 2012 Order is an appealable order.

### C. The Appeal as to the November 2011 Order was Untimely

Having determined that both sanctions orders are appealable, we turn to the issue of whether Weberman's appeal of the orders is timely. Under rule 8.104(a)(1), "unless a statute or rule 8.108 provides otherwise, a notice of appeal must be filed on or before 60 days after the superior court clerk serves on the party filing the notice of appeal . . . a file-stamped copy of the judgment . . . ."

Rule 8.108 sets forth several situations in which the time for filing an appeal may be extended. Under rule 8.108 (c), "[i]f, within the time prescribed by rule 8.104 to appeal from the judgment, any party serves and files a *valid* notice of intention to move-or a valid motion-to vacate the judgment, the time to appeal from the judgment is extended for all parties until the earliest of: [¶] (1) 30 days after the superior court clerk mails, or a party serves, an order denying the motion or a notice of entry of that order; [¶] (2) 90 days after the first notice of intention to move-or motion-is filed; or [¶] (3) 180 days after entry of judgment." (Italics added.)

The November 2011 Order was entered on November 4, 2011. The clerk of the court served Weberman a copy of that order on that same day. Weberman filed his notice of appeal on April 2, 2012. We note that the trial court determined that Weberman's motion to vacate was "more in the nature of a motion for reconsideration." However, for purposes of determining timeliness, the substantive merit of a motion to vacate is irrelevant. (See *Branner v. Regents of University of California* (2009) 175 Cal.App.4th 1043, 1047 (*Branner*).) For an extension of time to apply, rule 8.108 (c) requires that the

8

motion to vacate be procedurally valid.  (Rule 8.108 (c).)  " 'As used in [rule 8.108], the word *"valid" means only that the motion or notice complies with all procedural requirements;* it does not mean that the motion or notice must also be substantively meritorious.' " (*Branner*, *supra,* 175 Cal.App.4th at p. 1047 (internal citations omitted) (italics in original text).)

The motion to vacate here was brought pursuant to section 473 and appears on its face to be a valid motion; thus, any determination that the motion should have been construed as a motion for reconsideration is irrelevant to the question of the timeliness of the appeal.[5] (*Branner, supra,* 175 Cal.App.4th at p. 1047.)  But despite being valid on its face, the extension set forth in rule 8.108 (c) does not apply because the motion to vacate was not timely filed.  To be timely, a motion to vacate must be filed "within the time prescribed by rule 8.104 to appeal from the judgment."  (Rule 8.108 (c).)  Weberman was served a copy of the sanctions order on November 4, 2011.  Under rule 8.104, the last day he could have filed a notice of appeal—and, thus, a motion to vacate—was January 3, 2012, which was 60 days after the court clerk served the order.  But Weberman did not file his motion to vacate until January 12, 2012, which was nine days after the time allowed to file a motion to vacate had expired.

Weberman contends that "although intended to be sent, [the November 2011 Order] never reached Appellant."  He claims that the first time he became aware of the sanctions was on December 5, 2011, when Defendant served him a copy of the order.  However, "[t]he 60 days [to file a notice of appeal] begins on the date of mailing and does not depend upon the party's actual receipt of the document. [Citation.]  It is the

---

[5] A motion for reconsideration, like a motion to vacate, will extend the time to appeal under rule 8.108.  (Rule 8.108(e).)  However, the motion for reconsideration must be filed within 10 days after service of the appealable order.  (§ 1008, subd. (a).)  Here, the motion was not filed until 69 days after the November 2011 Order was filed.  Therefore, even if the trial court was correct in considering Weberman's motion to vacate as a motion for reconsideration, the extension under rule 8.108 would not apply.

9

initial mailing or service of a triggering document that commences the running of the time to appeal. The time to file a notice of appeal is not reset or extended by a second or subsequent notice of entry of the same judgment." (*InSyst, Ltd. v. Applied Materials, Inc.* (2009) 170 Cal.App.4th 1129, 1134-1135.)

Here, the proof of service indicates that on November 4, 2011, the clerk of the court served Weberman a copy of the order by mail. Because Weberman did not file a motion to vacate within 60 days after the clerk of the court served the order for sanctions, his motion did not extend his time to file a notice of appeal. (Rule 8.108(c).) Thus, Weberman's notice of appeal as to the November 4, 2011 Order had to be filed by January 3, 2012. Instead it was untimely filed on April 2, 2012. (Rule 8.104(a)(1).) "The time for appealing a judgment is jurisdictional; once the deadline expires, the appellate court has no power to entertain the appeal." (*Van Beurden Ins. Services, Inc. v. Customized Worldwide Weather Ins. Agency, Inc.* (1997) 15 Cal.4th 51, 56.) "If a notice of appeal is filed late, the reviewing court must dismiss the appeal." (Rule 8.104(b).) Accordingly, we will dismiss the appeal as to the November 2011 Order.

Next, we determine the timeliness of the appeal as to the March 2012 Order. The order for sanctions in the amount of $750 was entered on March 6, 2012, and the clerk of the court served Weberman a copy of that order the same day. To be timely, his notice of appeal had to be filed on or before May 7, 2012, which was 60 days after the service of the order. (Rule 8.104(a)(1).) Weberman's notice of appeal was filed on April 2, 2012; hence, the appeal as to the March 2012 Order is timely.

**D. The Trial Court Did Not Abuse Its Discretion in Sanctioning Weberman for His Motion to Vacate**

On March 6, 2012, the trial court denied Weberman's motion to vacate and partially granted Defendant's request for monetary sanctions in the amount of $750.

We review an order for monetary sanctions for an abuse of discretion. (*Britts v. Superior Court* (2006) 145 Cal.App.4th 1112, 1123.) Under the abuse of discretion

10

standard, the appropriate test is whether the trial court exceeded the bounds of reason, all circumstances before it being considered. (*In re Marriage of Connolly* (1979) 23 Cal.3d 590, 598.) Appellate courts should only disturb discretionary rulings when there is a clear abuse of the trial court's discretion and a miscarriage of justice. (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 331.)

First, we note that both the Defendant's request for sanctions and the trial court's order did not expressly cite a statutory basis for the $750 sanctions order. In *Mattco Forge, Inc. v. Arthur Young & Co.* (1990) 223 Cal.App.3d 1429 (*Mattco Forge*), the defendant was sanctioned after the plaintiff filed a successful motion to compel discovery responses. The defendant was then sanctioned a second time after filing a frivolous motion for reconsideration. (*Id.* at p. 1437.) The court determined that the second sanctions order, like the first sanctions order, was statutorily based on the Civil Discovery Act (former § 2016 et seq.). (*Id.* at pp. 1437, 1440.) The court reasoned that "[r]econsideration, in a discovery dispute . . . involves further proceedings on the underlying motion and is simply a continuation of the hearing in which the reconsidered order was rendered. It follows necessarily that [the defendant's] motion for reconsideration of the sanctions order was nothing more than a continuation of its opposition to [the plaintiff's] motion to compel production and original request for sanctions, clearly part and parcel of the underlying discovery dispute." (*Id.* at pp. 1437-1438.)

Although Weberman filed a motion to vacate under section 473, subdivision (b) rather than a motion for reconsideration under section 1008, the principles of *Mattco Forge* nonetheless apply. As in *Mattco Forge*, Weberman's motion to vacate appears to be nothing more than a continuation of the hearing on Defendant's motion to compel discovery responses and request for sanctions. (*Mattco Forge*, *supra*, 223 Cal.App.3d at p. 1437.) At the original hearing, Defendant requested sanctions based on section 2023.030, which allows a court to impose sanctions for a party's misuse of the discovery

11

process (i.e., Weberman's failure to respond to discovery requests without valid justification and his filing of a meritless motion for a protective order). Weberman then filed a motion to vacate these sanctions, contending the original sanctions were a result of his mistaken belief that subsequent counsel would withdraw or supplement his motion for protective order and that he had no notice that sanctions could be imposed.

Weberman's motion to vacate was unmeritorious. Indeed, as the trial court found, "Weberman fail[ed] to set forth sufficient evidence to show that the November 4, 2011 discovery order issued against him was the result of his mistake, inadvertence, surprise, or excusable neglect." Weberman appears to have argued that the court could not sanction his prior failure to respond to discovery requests and his frivolous filing of a protective order because he was no longer counsel of record at the time of the hearing. He also maintained he had no notice of or opportunity to oppose these sanctions.

The trial court did not abuse its discretion when it rejected these arguments. Weberman was Plaintiff's attorney up until October 26, 2011, just nine days before the hearing. While Weberman was Plaintiff's counsel, Plaintiff failed to respond to any discovery requests, yet Weberman filed a motion for a protective order in response to Defendant's motion to compel. Also, before Weberman was substituted out as counsel for Plaintiff, Defendant served him with reply papers in support of the motion to compel and the accompanying request for sanctions. Indeed, the proof of service shows that these papers were mailed to Weberman's office. Thus, Weberman had ample notice that sanctions could be imposed at the November 4, 2011 hearing, but he chose not to respond or object to the request for sanctions.

Weberman cannot avoid the imposition of sanctions by substituting out as counsel and then claiming he never had notice of the request for sanctions or an opportunity to oppose the request. He received notice of the motion to compel and the request for sanctions, but chose not to participate in the proceedings. Thus, the trial court properly sanctioned Weberman for his misuse of the discovery process. Even though Weberman

12

was no longer counsel of record at the time of the hearing, Plaintiff's failure to comply with discovery requests and the meritless filing of a protective order occurred while Weberman was Plaintiff's counsel. Therefore, Weberman's motion to vacate was both meritless and was a continued abuse of the discovery process.

Because Weberman's motion to vacate was a continued abuse of the discovery process, section 2023.030 provides the statutory authority for the $750 sanctions order. (*Mattco Forge*, *supra*, 223 Cal.App.3d at pp. 1437-1438.) Under section 2023.030, subdivision (b), the trial court may order a party misusing the discovery process to pay "reasonable expenses, including attorney's fees, incurred by anyone as a result of that conduct. . . . unless it finds that the one subject to the sanctions acted with substantial justification or that other circumstances make the imposition of the sanctions unjust."

There was no substantial justification for Weberman's meritless motion to vacate and he presents no other circumstances that would make the sanction unjust. Defendant incurred an additional $1,430.50 in costs and attorney fees to oppose the motion; thus it was within the trial court's discretion to impose an additional $750 sanction against Weberman.

Lastly, Weberman argues that he did not have notice that sanctions could be imposed on him on March 6, 2012. The record, however, belies his claim. By statute, "the court, after notice to any affected party, person, or attorney, and after opportunity for hearing, may impose" specified sanctions. (§ 2023.030, subd. (b).) "Adequate notice prior to imposition of sanctions is mandated not only by statute, but also by the due process clauses of both the state and federal Constitutions." (*O'Brien v. Cseh* (1983) 148 Cal.App.3d 957, 961.) Defendant served Weberman a copy of its opposition to the motion to vacate, which included its request for specified sanctions of $1,430.50 (i.e., attorney fees for opposing the motion to vacate). Weberman attended the hearing on the motion, and had a full opportunity to contest Defendant's request for sanctions.

13

Accordingly, Weberman had adequate notice that the sanctions ordered in the amount of $750 could be imposed against him.

## DISPOSITION

The appeal as to the November 4, 2011 sanctions order is dismissed. The appeal as to the March 6, 2012 sanctions order is affirmed.


_____
Márquez, J.



WE CONCUR:




_____
Rushing, P. J.




_____
Grover, J.

14