Filed 9/22/22  Yue v. Alvernaz Partners CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

|  |  |
|---|---|
| JERRY YUE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ALVERNAZ PARTNERS, LLC et al.,<br><br>    Defendants and Appellant. | A162714<br><br>(Alameda County Super.<br>Ct. No. RG19014821) |

This is the second appeal challenging a trial court order imposing monetary sanctions for misuses of discovery by appellant Cosmas Mahagama (Mahagama).  Here, Mahagama appeals from sanctions imposed by the trial court after it found that Mahagama had failed for several months to produce 21 documents he had an obligation to produce under a previous discovery order. [1]  According to Mahagama, the trial court abused its discretion because he "acted with substantial justification" when he withheld those documents. (Code Civ. Proc., § 2023.030, subd. (a).[2])  Finding that argument unmeritorious and unreasonable, we uphold the trial court order.  However,

---

[1] In the previously filed appeal, *Yue v. Alvernaz Partners, LLC et al.* (A161119), we upheld the sanctions imposed by that order and set forth the relevant facts of the underlying case.

[2] All subsequent statutory references are to the Code of Civil Procedure unless otherwise noted.

we exercise our discretion to deny further sanctions against Mahagama and his counsel for taking a frivolous appeal.

## BACKGROUND

On January 21, 2020, Mahagama was served Yue's Special Interrogatories Set One, Requests for Production of Documents Set One, Requests for Admissions, Set One and Form Interrogatories Set One. After Mahagama failed for months to provide verified, code-compliant responses to those requests, Yue filed a "Motion to Compel Responses to Requests for Production of Documents and Special Interrogatories and Request for Sanctions Against Defendant Cosmas Mahagama and His Attorney . . . ." On September 9, 2020, the trial court sanctioned Mahagama and granted the motion to compel, referring specifically to Yue's "Request for Production of Documents . . . Nos. 33-34, 36-39, [and] 43-50" in the order. As the trial court noted, "Mahagama concede[d]" in his opposition to the motion to compel "that he [h]as waived any objections to the Requests."

Two months later, Yue's counsel sent a letter to Mahagama's counsel, reminding him that Mahagama had "failed to provide timely responses to our . . . requests for production of documents," and therefore waived "all objections . . . for all responses, including those based on attorney-client privilege and work product." The letter concluded by requesting that Mahagama's counsel "provide all correspondence between you and your client up to the date of the Court's order."

Mahagama failed to produce any such correspondence, so Yue filed a motion for discovery sanctions on December 24, 2020. In his opposition, Mahagama argued that he hadn't waived the attorney-client privilege, and even if he had, the trial court should relieve him of that waiver. Yue replied,

2

contesting Mahagama's arguments as to privilege and suggesting that the trial court "order [the] documents produced for an in-camera review."

The trial court took up this suggestion, reviewing 1,242 pages in camera and finding 21 emails that were "responsive to . . . the discovery requests that were the subject of the Court's discovery order issued 09/09/2020," namely "Requests for Production of Documents . . . numbers 33, 36, 38, 39, 47, and 48." An April 7, 2021 case management order specified the responsive emails and ordered Mahagama's counsel to produce them.

On April 21, 2021, the trial court granted Yue's motion for sanctions against Mahagama. In its order, the trial court found that "Mahagama's failure to fully comply with the Court's previous discovery order necessitated the filing of the present motion and that Mahagama's failure to produce the additional communications" identified by the trial court "in its order issued April 07, 2021, was without substantial justification." In support of that finding, the trial court observed again that "Mahagama had already waived any potential assertion that these communications were privileged." Accordingly, Mahagama was ordered to "pay $10,972.00 to [Yue's] counsel to compensate for the reasonable attorney fees and costs spent by [Yue] on this Motion for Sanctions."

After Mahagama timely filed this appeal challenging the trial court's sanctions order, Yue moved this court to sanction Mahagama and his attorney, arguing that the appeal was frivolous or taken solely for delay.

## DISCUSSION

We are faced with the same two questions posed by Mahagama's previous appeal: whether the trial court abused its discretion in sanctioning Mahagama, and if not, whether raising that question was so frivolous or dilatory as to call for further sanctions. Here, as in the previous appeal,

3

there was no abuse of discretion and no good reason to believe otherwise. For those reasons, we affirm the trial court's order. However, we decline to assess further sanctions against Mahagama and his counsel for pursuing this appeal.

## I.

### *The Trial Court Acted Within Its Discretion.*

Mahagama argues that the trial court erred in its April 21, 2021 order imposing monetary sanctions on him in the amount of $10,972.00. We disagree.

A trial court's order imposing monetary sanctions is reviewed for abuse of discretion. (*Kwan Software Engineering, Inc. v. Hennings* (2020) 58 Cal.App.5th 57, 73.) It will be reversed "only if [the trial court] was arbitrary, capricious, or whimsical in the exercise of that discretion." (*Department of Forestry & Fire Protection v. Howell* (2017) 18 Cal.App.5th 154, 191 (*Howell*), disapproved on another ground by *Presbyterian Camp & Conference Centers, Inc. v. Superior Court* (2021) 12 Cal.5th 493, 516, fn. 17.) "An order or judgment correct on any theory will be affirmed on appeal," even where the trial court "might have had the wrong statute in mind." (*Mattco Forge, Inc. v. Arthur Young & Co.* (1990) 223 Cal.App.3d 1429, 1440 (*Mattco Forge*).)

"[I]n reviewing the trial court's determination, '[w]e defer to the court's credibility decisions and draw all reasonable inferences in support of the court's ruling.' [Citation.] To the extent the trial court's decision to issue sanctions depends on factual determinations, we review the record for substantial evidence to support those determinations. [Citation.] Thus, our review ' "begins and ends with the determination as to whether, on the entire record, there is substantial evidence, contradicted or uncontradicted, which

4

will support the determination [of the trial court]." ' " (*Howell, supra,* 18 Cal.App.5th at p. 192.)

Here, the trial court ordered Mahagama to "pay $10,972.00 to [Yue's] counsel to compensate for the reasonable attorney fees and costs spent by [Yue] on" his December 24, 2020 "Motion for Sanctions." In so ruling, the trial court found that "Mahagama's failure to fully comply with the Court's previous discovery order necessitated the filing of [Yue's] motion and that Mahagama's failure to produce the additional communications, which the Court ordered produced in its order issued April 07, 2021, was without substantial justification."

Thus, in setting forth grounds supporting the imposition of sanctions, the order challenged here cites two previous orders: (1) a "discovery order" which necessarily pre-dated the filing of Yue's December 24, 2020 motion for sanctions; and (2) an "April 7, 2021 ruling" in which the trial court identified documents Mahagama should have already produced in response to the earlier discovery order. Both orders provide important context for the issues raised on appeal.

The "previous discovery order" is the trial court's September 9, 2020 order granting Yue's "Motion to Compel Responses to Requests for Production of Documents." There, the trial court compelled responses to Yue's "Request for Production of Documents . . . Nos. 33-34, 36-39," and "43-50," and noted Mahagama's concession that his failure "to respond to the Requests within thirty-five days . . . waived any objections to the Requests." In the April 7, 2021 ruling, the trial court discussed its in camera review, which found 21 emails "responsive to one or more of" Yue's "Requests for Production of Documents . . . numbers 33, 36, 38, 39, 47, and 48."

In the order underlying this appeal, then, the trial court found that Yue's failure to produce those 21 responsive emails prior to the filing of Yue's motion for sanctions "necessitated the filing of [that] motion." It awarded sanctions accordingly.

As a preliminary matter, we note that Mahagama appears to contest the factual framework established by the three relevant orders, at least with respect to Mahagama's purported waiver of the attorney-client privilege. In the argument portion of his opening brief, for example, Mahagama spends three pages narrating in the past tense his argument before the trial court as to that issue. As Mahagama recounts, he "argued that as in [*Deary*] [*v. Superior Court* (2001) 87 Cal.App.4th 1072], the court should find [he] had not waived the attorney-client privilege protecting communications between him and [his attorney] about the action." But it is unclear whether this narration is an attempt to undermine the trial court's observation of Mahagama's concession that he had "waived any potential assertion that these communications were privileged."

In either case, we find substantial evidence to support the trial court's determination in that regard. In Mahagama's opposition to the motion to compel underlying the September 9, 2020 discovery order, Mahagama "agree[d] that since his attorney did not obtain an extension of time to respond to the requests for production and interrogatories at issue on this motion to compel, his objections to these responses have been waived." Moreover, that concession clearly contemplated waiver of the attorney-client privilege in particular, because Mahagama supported it with a citation to *Scottsdale Insurance Company v. Superior Court* (1997) 59 Cal.App.4th 263, 274 (*Scottsdale*). In that opinion, on the very page cited by Mahagama, the Second District Court of Appeal held "that failure to include an objection

6

expressly based upon attorney-client privilege in the initial response results in waiver of the attorney-client privilege." (*Ibid*.)

Having noted Mahagama's waiver, we turn to the question of whether the trial court abused its discretion in sanctioning Mahagama for failing to produce documents responsive to Yue's discovery requests prior to the filing of Yue's December 24, 2021 motion for sanctions. Section 2023.010, providing a non-exhaustive list of "[c]onduct subject to sanctions," identifies "[d]isobeying a court order to provide discovery" as a misuse of the discovery process. When monetary sanctions are authorized, the trial court must "impose that sanction unless it finds that the one subject to the sanction acted with substantial justification or that other circumstances make the imposition of the sanction unjust." (§ 2023.030, subd. (a).)

"The party subject to sanctions bears the burden to establish it acted with substantial justification or other circumstances make the imposition of the sanction unjust. [Citation.] Substantial justification means clearly reasonable justification that is well grounded in both law and fact. [Citations.] The losing party has the burden of proving substantial justification on appeal. [Citations.]" (*Padron v. Watchtower Bible & Tract Society of New York, Inc.* (2017) 16 Cal.App.5th 1246, 1269.)

Mahagama acknowledges his burden on appeal to establish that his failure to produce the documents earlier was substantially justified, contrary to the trial court's finding. An attempt to meet that burden in the present case might take the form of addressing the contents of each email and explaining why the belief it was not responsive to any of Yue's requests was substantially justified. But Mahagama doesn't make any such argument

7

dealing with the specifics of the discovery order, the requests and the emails.[3] Rather, he makes only two general arguments: first, it was reasonable for Mahagama not to produce the emails on the ground that they were irrelevant to the case and therefore nonresponsive because they post-dated the foreclosure transaction underlying Yue's complaint; and second, it was reasonable for Mahagama to wait to produce the emails until the court reviewed them in camera. Neither argument establishes substantial justification.

The first argument is a complete non-starter. Post-transaction documents in which a party and his counsel (or anyone else) discuss the issues can be responsive to document requests, not to mention relevant.[4] For example, a post hoc statement by a party about facts relating to a transaction can provide grist for impeachment if the party testifies inconsistently with that statement. (Evid. Code, § 770.) The reason such documents are

---

[3] And at least some of the emails were obviously responsive. For example, in an email dated Wednesday, April 8, 2020, Mahagama told his attorney the following: "To the best of my understanding Olympia Financial foreclosed on properties only to recover a partial amount from the loaned amount. [¶] Why they did that i had no idea except that it was carried out in my interest as the broker who brokered the loan. [¶] Loan amount $135,000.00. Recovered $45,000.00." This email falls squarely within the scope of Request Nos. 47 and 48, which demand "all documents and communications REFERRING TO the LOAN" and "the SUBJECT PROPERTY," respectively.

[4] Mahagama conflates responsiveness and relevance, which are not the same. A document is responsive if it falls within the category described in the request for production. Relevance is a narrower concept that does not govern whether a document that is responsive must be produced. As the trial court recognized, the standard for what is discoverable is broader than relevance and extends to documents that may lead to admissible evidence. (§ 2017.010.)

typically withheld is not because they are irrelevant or nonresponsive, but because they are protected by attorney-client privilege.

The second argument fares no better. Mahagama could have no substantial justification for believing the 21 emails were protected by the attorney-client privilege. Before the September 9 discovery order that compelled the production of those emails, Mahagama conceded that his original failure to respond had resulted in a waiver of all objections, citing *Scottsdale*, *supra*, 59 Cal.App. at p. 274, discussing "waiver of the attorney-client privilege." The trial court acknowledged that concession in the September 9 order. Accordingly, invoking the privilege and asserting he was entitled to in camera review would not have been justified thereafter. The time to have argued that he didn't waive privilege objections was in opposing the motion to compel, not in opposing the subsequent motion for sanctions, which was filed well after the court had already compelled production. And beyond that, Mahagama did not even seek in camera review of the documents at the sanctions stage. It was Yue who suggested in camera review in his reply brief in support of his motion for sanctions, and the argument was a fallback. Yue argued that Mahagama had not met his "burden of establishing that these documents are privileged." He added, "If for some reason the Court thinks otherwise, it should order these documents produced for an in-camera review . . . ." The court's later willingness to conduct that review does not justify Mahagama's failure to produce responsive documents after having been ordered to do so, especially when his earlier conduct resulted in the waiver of all objections as to those documents.

In sum, Mahagama disobeyed the September 9 order, and his disobedience necessitated the filing of Yue's motion for sanctions. He points to nothing in the record that establishes substantial justification for his

9

disobedience in the intervening 15 weeks between the discovery order and the filing of the motion for sanctions. Because at least some of the documents withheld by Mahagama were responsive to Yue's requests and Mahagama hasn't specifically addressed the others, he hasn't shown the sanctions motion was unnecessary. The evidence indicates that it was. The trial court therefore acted within its discretion when it ordered Mahagama "to compensate [Yue] for the reasonable attorney fees and costs spent" on that motion.

Finally, for the sake of comprehensiveness, we note here what we noted in Mahagama's previous appeal: his "due process" argument is unavailing. Mahagama contends that the trial court's written order lacks the specific findings purportedly required "to meet the 'rudiments' of due process." But as Yue observes in his opposition, the principal authority Mahagama invokes for that contention, *Lavine v. Hospital of the Good Samaritan* (1985) 169 Cal.App.3d 1019, 1029, concerns sanctions imposed for frivolous actions or delaying tactics under section 128.5, not discovery sanctions of the kind imposed here. In contrast to sanctions imposed under section 128.5, when imposing sanctions for misuse of the discovery process, there is "no need for the trial court to make written findings explaining its order." (*Mattco Forge*, *supra*, 223 Cal.App.3d at p. 1438.) Mahagama does not argue that the discovery statutes themselves violate due process.[5]

---

[5] Mahagama quotes a portion of the transcript of the March 5, 2021 hearing on the sanctions motion, contending the judge's statement was inconsistent with his ruling. The quotation misleadingly omits a portion of the court's statement (in which it expressed concern "that there's at least the possibility that you have included matters in your privilege log that predate your entry into the litigation that are not privileged, *or even if they are privileged, they need to be turned over because you waived the privilege,*" italics added). Moreover, as Yue points out, there were multiple hearings on the sanctions matter, including two after March 5, 2021, that Mahagama

10

## II.

### *This Court Will Not Impose Appellate Sanctions on Mahagama and His Counsel for Filing a Frivolous Appeal.*

Yue moves this court to sanction Mahagama under Rules of Court, rule 8.276, which authorizes us to "impose sanctions, including the award or denial of costs under rule 8.278, on a party or attorney for . . . [t]aking a frivolous appeal or appealing solely to cause delay."

In inquiring as to whether an appeal is frivolous, a reviewing court measures the appeal against subjective and objective standards. (*In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 649.) An appeal is subjectively frivolous "when it is prosecuted for an improper motive," such as harassment or delay, and objectively frivolous "when it indisputably has no merit." (*Id.* at p. 650.) "The two standards are often used together," as when reviewing courts view a "total lack of merit" as "evidence that [the] appellant must have intended it only for delay." (*Id.* at p. 649.) On the other hand, our Supreme Court has cautioned that in determining whether to impose appellate sanctions we should not find frivolous "[a]n appeal that is simply without merit." (*Id.* at p. 650.) "Counsel and their clients have a right to present issues that are arguably correct, even if it is extremely unlikely that they will win on appeal." (*Ibid.*)

Our foregoing analysis demonstrates this appeal's lack of merit. But we are not prepared to hold that it frivolous. We therefore deny Yue's request for appellate sanctions against Mahagama and his counsel for prosecuting this appeal.

---

omitted from the record. In any event, the judge's comments at oral argument "may never be used to impeach the final order." (*Jesperson v. Zubiate-Beauchamp* (2003) 114 Cal.App.4th 624, 633.)

11

## DISPOSITION

We affirm the trial court's order.

_____

STEWART, Acting P. J.

We concur:


_____

MILLER, J.


_____

MAYFIELD, J.[*]


*Yue v. Alvernaz Partners, LLC et al.* (A162714)

[*] Judge of the Mendocino Superior Court assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

13